## Missouri, Kansas & Texas Railway Company of Texas v. John W. Hagan.

Decided February 24, 1906.

**1.—Defective Track—Degree of Care.**

Defendant asked the court to charge the jury that if they believed from all the facts and circumstances in evidence that a man of ordinary care and prudence would have reasonably believed that the rail alleged to have been defective was reasonably safe for use in the track, etc. Held, properly refused. It was the duty of the men employed by defendant to inspect the track, to use ordinary care to discover any defects therein, and if such inspectors failed in their duty the defendant would be liable.

**2.—Proof Necessary to Recovery—Charge.**

Special charge considered, and held to impose a greater burden on plaintiff than the law requires.

**3.—Surgical Operation—Consequent Suffering.**

At the request of plaintiff the court gave the following charge: "If you find that a man of ordinary care would have submitted to a surgical operation, then in estimating plaintiff's damages you will take into consideration the added physical and mental suffering, if any, he would suffer on account of such operation, and if you find that such operation would be attended with danger and with uncertainty as to whether or not a cure would be effected, then you will consider that also." Held, proper under the facts and charges already given.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*T. S. Miller* and *Perkins & Craddock*, for appellant.—That the court erred in refusing to give the special charges requested by defendant, cited: St. Louis S. W. Ry. Co. v. Hall, 85 S. W. Rep., 786.

That the evidence fails to show any negligence on the part of defendant: Texas & P. Ry. Co. v. Buckalew, 34 S. W. Rep., 165.

*Yates & Carpenter*, for appellee.

BOOKHOUT, Associate Justice.—This is an action for damages for personal injuries to the appellee, alleged to have been sustained by him April 10, 1904, while in the performance of his duty as a switchman in the service of the appellant on account of the derailment of an engine upon which he was riding in the course of his duties, caused by the breaking of a rail in the track.

Trial was had before a jury March 23, 1905, resulting in a verdict for the appellee for three thousand dollars. The appellant's motion for a new trial was overruled, and notice of appeal duly given; and appeal was duly perfected.

The appellee alleged that he was a member of a switching crew at the time of the accident, at work in what was known as the West Yards of the appellant in Greenville, in which there was a track known as the east lead; that one of the rails in this lead had a flaw therein; or was partially or wholly broken in two, or had such a flaw and was also broken partially or wholly, and that such flaw or partial or whole break

rendered the rail defective and unsafe for use in the track; that on the occasion of the accident he was upon a switch engine which ran upon the said track, and because of the rail having been theretofore broken, or by reason of its breaking under the weight of the engine, on account of the flaw or partial break therein, the engine was thrown from the track and wrecked, and that appellee was thrown or necessarily caused to jump from the engine to the ground, striking the ground or against some part of the engine or some other object, whereby his leg and back and the walls of his abdomen were bruised, wrenched and strained, producing a severe and dangerous hernia in the right wall of the abdomen.

The defenses were general and special demurrers, a general denial, a plea of contributory negligence in general terms, and assumed risk; under the latter defense it being specifically alleged that if the rail was defective, that the appellant had used due and proper care to discover the same, and did not know of the defect, if there was any therein; that rails in the track do sometimes, notwithstanding due care, as the result of engines and cars passing over them, break, and that appellee knew that fact, and assumed the risk of the same breaking at the time and place of the accident.

The West Yards of the appellant are situated about a mile southwest from its depot in the city of Greenville, and are connected with what are known as its city yards, situated near the depot, by the main track leading out toward Dallas and McKinney. The east end of the West Yards proper is near what is known as Wellington Street, which runs north and south, from a point near which there is connected with the main track, which runs east and west, what is known as the lead track, running from the main line, in a southwesterly direction, and with which the various side tracks constituting the yards, of which there are a number, connect; so that in going from the city to the West Yards with the intention of going on any particular side track in the yards, it became necessary to leave the main track at the point where this "lead" connected with it, and being thus once upon the lead, the engine or cars could be carried upon either one of the side tracks by throwing the proper switch connecting such side track with the lead. At the time of the accident the appellee, with the other members of the switch crew, at about one o'clock in the morning were going out from the city yards to the West Yards on a switch engine, having no cars at all connected with it, intending to do switching in the West Yards, and for that purpose the switch connecting the lead with the main track had been set by one of the members of the crew so as to place the engine on this lead track, and it having been so placed and started up, the north rail in the lead track either broke under the weight of the engine as it was proceeding down the lead, or else it had been broken theretofore. The front trucks of the engine were derailed and the appellee, who was standing on the footboard at the front end of the engine at the time, jumped off to the south, and sustained the hernia.

*Opinion.* Upon the trial defendant requested the following special charge which the court refused to give, and such refusal is assigned as error: If you shall believe from the evidence that the defendant gave

to its track at the place of the alleged accident, such care, inspection and attention as a man of ordinary care and prudence under similar circumstances would have given the same, then you are charged, if you so believe, that the defendant had performed its duty to the plaintiff, and in such event you will find for the defendant, notwithstanding you may believe from the evidence that the rail was in fact defective, as alleged by the plaintiff, and that he was injured as the direct and proximate cause thereof." This charge was properly refused.

The court at the request of defendant gave a special charge reading: "If you believe from the evidence that the defendant had exercised ordinary care, that is, such care as a man of ordinary care and prudence under like circumstances would have exercised, to see that the rail was reasonably safe for use in the track, your verdict should be for the defendant, notwithstanding you may believe from the evidence that the rail was in fact defective and that the injuries to the plaintiff, if he was injured, were directly and proximately caused thereby."

The special charge given submitted the same issue which defendant sought to have submitted in the charge refused. Had the refused charge been given it would, in view of the special charge given, have been subject to criticism in that it was calculated to unduly emphasize the issue embraced therein. (International & G. N. Ry. Co. v. Branch, 68 S. W. Rep., 338.)

Error is assigned to the action of the court in refusing special charge No. 6, requested by defendant, reading: "If you believe from the evidence, under all the facts and circumstances, that a man of ordinary care and prudence would have reasonably believed that the rail alleged by the plaintiff to have been defective was reasonably safe for use in the track just prior to the accident, then you are charged that the defendant is not liable, and you will find for the defendant." This charge does not announce a correct principle of law. It may be that a man of ordinary prudence, under all the facts and circumstances, would have believed the rail was reasonably safe, but such belief would not constitute a defense. Evidently all the employes upon the engine believed the rail was safe or they would not have run the engine upon it. But they were not inspectors of the track. The defendant had men employed to make inspection, whose duty it was to use ordinary care to discover any defects in the track. If such inspectors failed in their duty, then there was negligence for which the defendant was liable, and this, too, notwithstanding a man of ordinary care and prudence under all the facts would reasonably have believed the rail was safe. (City of Rockwall v. Heath, 14 Texas Ct. Rep., 230.) The charge was properly refused.

It is contended that the court erred in refusing appellant's special charge, reading: "In this case it is alleged by the plaintiff that one of the rails in the east lead had a flaw therein, or was partially or wholly broken in two, or had such flaw and was also broken partially or wholly, and that such flaw or partial or whole break rendered said rail defective and unsafe for use in the track, and that the defendant knew, or with the exercise of ordinary care ought to have known of such condition of said rail.

"The burden of proof is upon the plaintiff to show: 1. That the

rail was defective, as alleged; 2, that such defect, if any, rendered the same unsafe for use in the track; 3, that the defendant either knew of such defective condition of the rail, if it was defective, or that by the exercise of ordinary care, as that term is defined in the main charge, it would have known of such defect, if the defect existed; 4, that the defendant was negligent in not knowing or discovering such defect in the rail, if it was defective; 5, that the defect in the rail, if any existed, caused the engine to jump the track; 6, that the plaintiff jumped from the footboard of the engine and that the hernia was directly and proximately caused and produced by such jumping from the engine, and by the negligence of the defendant, and unless you believe from the evidence that he has shown the foregoing facts by a preponderance of the evidence, your verdict should be for the defendant." This charge imposes a greater burden upon plaintiff than the law requires, and was properly refused. If the rail was defective and such defect was known to defendant, or should have been known by the exercise of ordinary care, and such defect was the proximate cause of the injury to plaintiff, and he was not guilty of negligence, and had not assumed the risk, he was entitled to recover. The main charge submitted the issue in accordance with this principle, and the jury were instructed, if they found the issue in the affirmative, they should find for plaintiff. The main charge fairly submitted the theory of plaintiff's ground of recovery and was sufficient.

The court at the request of defendant gave special charge No. 7, reading: "If under the evidence and rules of law given you in charge you should find for the plaintiff, then you are instructed that if you should believe from the evidence that plaintiff was injured as alleged, it was his duty to exercise such care and prudence as a man of ordinary care and prudence would, under the circumstances, have used to effect a cure; and if you further believe from the evidence that an operation for the hernia would probably have brought about a cure, and that a man of ordinary care and prudence would, under similar circumstances, have had such operation performed, then it was plaintiff's duty to have had such operation performed, and in no event can he recover for the results of injuries which may reasonably have been avoided by him by using the degree of care above defined." Thereafter, at the request of plaintiff, the court gave the following special charge: "Upon the issue submitted to you in special charge No. 7, asked by the defendant as to a surgical operation, you are instructed that unless you believe from the evidence in this case that a man of ordinary care would have had an operation performed for the rupture, if any, sustained by the plaintiff, then you should find for the plaintiff upon that issue. But if you find that a man of ordinary care would have submitted to a surgical operation, and if from the evidence you find for the plaintiff on the other issues submitted to you, then in estimating his damages you will take into consideration the added physical and mental suffering, if any, he would suffer on account of such operation, and if you find that such operation would be attended with danger and with uncertainty as to whether or not a cure would be effected, then you will consider that also."

The last charge is assailed as erroneous in that it is insisted that

added physical and mental suffering which may have resulted from an operation for the hernia were not proper elements to be considered in determining the amount of damages to which plaintiff was entitled, if he was entitled to any damages, that it singles out and gives undue prominence to the pain and dangers and uncertainty of an operation for the hernia and is upon the weight of evidence; that if under all the circumstances, a man of ordinary prudence, situated as was plaintiff, would have had an operation for the hernia performed, then the pain, physcial and mental suffering incident to the operation, were and would be included in and be part of the mental and physical pain the appellee suffered as the proximate result of the injury, and this is covered by the main charge.

The injured party is required to exercise ordinary care to arrest or lessen his injuries, and if he fails to do so and by reason of such failure his injuries are aggravated or increased, he is not entitled to recover for such aggravated or increased injuries. (St. Louis S. W. Ry. Co. v. Parks, 90 S. W. Rep., 347.) If the plaintiff was injured as the result of negligence on the part of defendant, then he was entitled to recover damages for the physical and mental pain suffered by him by reason of such injury. And if the injury was of such a nature that an ordinarily prudent person, in the proper treatment of the injury, would have had an operation performed, and such operation was dangerous and accompanied with pain and suffering, then we are of the opinion he would be entitled to recover therefor. The court's charge limits the jury in considering plaintiff's physical and mental pain, as an element of damages, to the pain which he has suffered and will suffer in the future, as a result of his injuries. This, it is believed, would not include physical and mental pain from an operation for the hernia. If the jury under the instructions contained in appellant's special charge No. 7, should find that a man of ordinary care would have submitted to an operation, they are told that "in no event could he recover for the injuries which could reasonably have been avoided," by such operation. If this issue is decided against plaintiff, but the issue of defendant's liability, is decided in his favor, then they are restricted in the main charge to the pain which he "has suffered and will suffer." They can, says the charge, "take into consideration his diminished capacity to labor and earn money." This, as qualified by special charge No. 7, could not extend beyond the period when he could probably have been cured by such operation. We do not think that appellee's right to compensation for his diminished earning capacity could be thus restricted, without extending his right to compensation for his physical and mental pain so as to include such suffering as would necessarily attend the operation. It follows that, in our opinion, the special charge of plaintiff, complained of is not subject to the criticism made.

It is insisted that the court erred in overruling defendant's motion for new trial and in refusing to set aside the verdict and judgment for the reason they are not supported by the evidence. The evidence was sufficient to justify the jury in finding that defendant's track at the point where the injury occurred was defective by reason of one of the rails being partially broken causing the engine to leave the track, mak-

ing it necessary for plaintiff to jump therefrom and proximately causing the injuries complained of in his petition. That the injury is permanent and thereby he has sustained damages in the amount found by the jury. That defendant was negligent in permitting its track to be in the condition it was at the time and place of the accident, and such negligence was the proximate cause of plaintiff's injuries. That plaintiff was not guilty of contributory negligence, and his injuries are not the result of a risk assumed by him.

In deference to the verdict we find the above facts, and conclude the judgment should be affirmed.

*Affirmed.*

Writ of error refused.