## ST. LOUIS S. W. RY. CO. OF TEXAS v. BRADBERRY. (No. 2477.)*

(Court of Civil Appeals of Texas. Texarkana. Jan. 5, 1922. Rehearing Denied Feb. 9, 1922.)

1. Damages ⊚�center⟶216(4)—Instruction limiting damages for hernia if ordinarily prudent person would have undergone operation therefor held properly refused.

In action under federal Employers' Liability Act (U. S. Comp. St., §§ 8657–8665) by an employé who suffered a hernia because of employer's negligence, requested instructions allowing plaintiff only such damages as "resulted to him for said hernia during the time intervening between the injury and the time an ordinarily prudent person under similar circumstances would have been operated upon and cured of such hernia," if an ordinarily prudent person would have undergone an operation therefor, held properly refused in that it did not allow plaintiff anything on account of suffering the jury might believe plaintiff would have undergone if operation had been performed.

2. Trial ⊚⟶256(13)—Failure to limit damages if ordinarily prudent person would have undergone operation not reversible error where correct instruction was not formulated and presented.

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for hernia caused by employer's negligence, failure to limit damages recoverable, if ordinarily prudent person would have undergone an operation, to damages plaintiff would have sustained between time of injury and time when ordinarily prudent person would have been operated upon and suffering plaintiff would have undergone incident to such operation, held not ground for reversal, where defendant did not formulate and request court to give an instruction correctly presenting such omitted feature.

3. Trial ⊚⟶251(1)—Failure of trial court to submit issue not made by pleadings was not error.

Failure of trial court to submit issue not made by pleadings was not error.

4. Master and servant ⊚⟶278(18)—Negligence in releasing brake shown.

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injuries to one assisting in turning a brake wheel which jerked him when a coemployé kicked the ratchet loose and suddenly and with-

out warning released his hold, evidence *held* to sustain finding that the coemployé was negligent.

5. Master and servant ⊚⟶280—Assumption of risk of injury by release of brake held not shown.

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injuries to one assisting in turning a brake wheel which jerked him when a coemployé kicked the ratchet loose and suddenly and without warning released his hold, evidence *held* to show plaintiff did not assume the risk of such injury.

6. Damages ⊚⟶132(4)—$3,750 verdict for hernia held not excessive.

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), $3,750 verdict for hernia of intestines *held* not excessive.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by J. C. Bradberry against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

One Butler, an employé of appellant, attempted to release the brake on a box car it was necessary to move. The brake was so tightly set he could not release it; and appellee, also an employé of appellant, in the discharge of duty he owed to do so, went to the top of the car and assisted Butler. They used a "brake stick" in turning the brake wheel so the ratchet holding it could be released. When Butler kicked the ratchet loose, he suddenly and without warning to appellee of his intention to do so released his hold on the stick and wheel. The effect of this, as appellee could not hold it unassisted, was to cause the wheel to revolve suddenly in a direction opposite to the one in which they were turning it, thereby jerking appellee around and so wrenching and straining him as to cause a hernia of his intestines. At the time of the accident appellant was engaged in interstate commerce, and appellee was employed by it in such commerce, within the meaning of the federal Employers' Liability Act (articles 8657–8665, U. S. Comp. Stats.).

On the theory that Butler was guilty of negligence, for the consequences of which appellant was responsible, in turning the wheel loose as he did, appellee commenced and prosecuted this suit for damages.

The jury found, in response to questions the court submitted to them: (1) That Butler turned loose the brake wheel suddenly and without notice to appellee; (2) that appellee was thereby injured; (3) that Butler

was guilty of negligence in turning the wheel loose as he did; (4) that such negligence was the proximate cause of the injury appellee suffered; (5) that in assisting Butler as he did appellee was performing his duty as appellant's employé; and (6) that he was damaged, "as the direct and proximate result of his injuries," in the sum of $3,750. The appeal is from a judgment in appellee's favor for the sum found by the jury.

Marsh & McIlwaine, of Tyler, for appellant.

Gentry & Gentry, of Tyler, for appellee.

. WILLSON, C. J. (after stating the facts as above). There was testimony showing that the only cure known to the medical profession for a hernia like the one appellee suffered was a surgical operation, and testimony showing that appellee refused when urged by physicians to do so to submit to such an operation. In view of that testimony, appellant objected to the court's charge before it was read to the jury, on the ground that it did not present to them for determination a question "as to whether plaintiff," quoting, "did or did not use ordinary care in failing to submit to" an operation. Appellant did not formulate and present such a question to the court with a request to submit it to the jury, but did prepare and request the court to give in connection with a question propounded to the jury, to wit:

"What amount of damages, if any, do you find from the testimony that plaintiff has sustained, as the direct and proximate result of his injuries, if any?"

—a special charge as follows:

"It is the duty of one injured by the negligence of another to use ordinary care to lessen the damage resulting from the injury, and if you believe from the evidence that an ordinarily prudent person under. similar circumstances would, within a reasonable time after he had been injured as was plaintiff, have been operated on for the hernia, and that plaintiff, had he been so operated on, would have been cured of the hernia within a reasonable time thereafter, then you should allow him only such damages as you may believe resulted to him from said hernia during the time intervening between the injury and the time that an ordinarily prudent person under similar circumstances would have been operated upon and cured of such hernia"

Appellant insists that the refusal of the court to give the requested instruction was error; or, if it was not, because the instruction was not a correct one, it was error for the court to fail to prepare and give a correct instruction with reference to the feature of the case the refused one was intended to cover.

[1] It was ruled in Railway Co. v. Hagan, 42 Tex. Civ. App. 133, 93 S. W. 1014, that while a plaintiff in a personal injury suit, guilty of negligence in failing to have a surgical operation performed which would have prevented part of the injury he suffered, could not recover for such part, he was entitled to recover for suffering he would have undergone in submitting to the operation. We think the jury would not have been authorized by the refused instruction, had it been given, to allow appellee anything on account of suffering they might have believed such an operation would have subjected him to had he had it performed, and therefore that the refusal of the court to give the instruction was not error.

[2] It will be noted that the issue submitted to the jury was to determine the amount of damages, if any, appellee suffered "as the direct and proximate result of his injuries, if any." In connection with that issue the court instructed the jury they might—

"take into consideration the nature and extent of the plaintiff's injuries, if any; the pain, if any, he has suffered and will hereafter suffer; and the diminished ability, if any, to labor and earn money plaintiff has sustained as the direct and proximate result of such injuries."

It is plain that neither the issue as framed nor the instruction with reference to it was affirmatively erroneous, and that the error, if there was one, was one of omission only. The rule in this state denies a right in a party complaining to have a judgment reversed for such an error, where he has failed, as here, to formulate and request the court to give an instruction correctly presenting the omitted feature in the instruction given. Olds Motor Works v. Churchill, 175 S. W. 785, 787.

[3] As we think the rule referred to requires us to overrule the contention in question, we have not thought it necessary to determine whether it should also be overruled on another ground urged by appellee, to wit, that the failure of a plaintiff in a personal injury case to have an operation performed which, if submitted to, testimony heard indicated might have prevented part of the injury suffered, "is but a branch of the doctrine of contributory negligence," as it was declared to be by the Supreme Court in Railway Co. v. McMannewitz, 70 Tex. 73, 8 S. W. 66. And see West Lumber Co. v. Keen, 221 S. W. 625; Baker v. Cobb, 221 S. W. 314; Railway Co. v. Shaklee, 138 S. W. 188; Railway Co. v. Magrill, 15 Tex. Civ. App. 353, 40 S. W. 188. If such failure

should be viewed from that standpoint, the contention is clearly not tenable, for appellant did not charge such negligence on the part of appellee in its pleadings, and the latter's pleadings did not suggest that he might have been guilty of such negligence. Of course, the failure of the trial court to submit an issue not made by the pleadings was not error.

[4-6] As we view the testimony, it was sufficient to support the finding of the jury that Butler was guilty of negligence as charged against him, and it did not present an issue as to "assumed risk" on the part of appellee. Therefore the assignments presenting contentions as to those matters are overruled, as is also the one attacking the verdict as excessive.

The judgment is affirmed.

LEVY, J. I think the special charge above mentioned is a correct one when read in connection with the main charge of the court, and the special charge should have been given, I think, had the appellant pleaded in its answer the special negligence on the part of appellee made the basis of the charge. The special negligence in question is such negligence of a plaintiff as occurs entirely after injury, and not at time of or along with the negligence of the appellant, and therefore should be specially plead as a defense in mitigation of amount of damages. In this view I agree that there is no reversible error.