No. 2535.

GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.*
A. N. M. McMANNEWITZ.

1. CHARGE OF COURT.—See opinion for a charge of court in regard to the rights of one who had received personal injuries from the alleged negligence of a railway company, and who was afflicted with disease as a result, *held* correct.

2. NEGLIGENCE—DAMAGES.—One who receives injury from the negligence of another, and who neglects to use such means to effect a recovery as a prudent man would under like circumstances, can not recover for the aggravation of his injuries accruing from such neglect. Yet, if suffering with pain caused by his injuries, he neglects to do that which is most prudent for his recovery, he will not be held negligent if constrained to such neglect to alleviate his suffering.

3. PLEADING.—An allegation that the plaintiff has received personal "injuries in his spine, chest, head and limbs," will authorize evidence that heart disease had been a result of the injury inflicted.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*J. W. Terry,* for appellant: From the court's charge, the jury could well have inferred that by the burden of proof it was meant only that the plaintiff was required to introduce enough evidence to make a prima facie case, and not that, as the law required, there must have been on the whole evidence a preponderance in the plaintiff's favor; citing Sackett on Instruction, 38; Proffat on Jury Trial, section 367; Ray v. Donnelly, 4 McLean, 504; Watt v. Kirby, 17 Illinois, 200.

Where one party is injured in person or property by the negligence of another, it is the duty of such party not to aggravate the damages, but to the contrary to use reasonable care, diligence and prudence to lessen or limit the damages; and, if he fails in this duty, he can only charge the defendant with such damages as would have resulted had the duty been performed; citing 1 Sutherland on Damages, 148; 3 Id., 729; Klutts v. Railway Company, 75 Missouri, 642; same case, 11 Am. and Eng. Railway Cases, 639; Geiselman v. Scott, 25 Ohio State, 86; Gould v. McKenna, 86 Pennsylvania State, 297; Nashville, etc., Railway v. Smith, 6 Heiskell, 174; Field on Damages, chapter 8, page 130.

The court erred in refusing to give the fourth special charge requested by the defendant, as follows: "It not being alleged in the petition that the heart disease, if any, or the aneurism of the heart, or of the aorta, if any, were caused by the railroad accident, you can not regard the same, and shall allow plaintiff no damages on account of the same." Citing International & Great Northern Railroad Company v. Irvine, 20 American and English Railway Cases, 294, and authorities there cited; Hall v. Jackson, 3 Texas, 305; Paul v. Perez, 7 Texas, 338–345.

No briefs for appellees have been received.

GAINES, ASSOCIATE JUSTICE. This was an action for personal injuries brought by appellee against appellant. Appellant's statement concedes that the evidence was sufficient to warrant the verdict, but it is complained that the court erred in refusing instructions asked on behalf of the defendant in reference to the amount of damages plaintiff was entitled to recover.

It is insisted under the first assignment of error that the court's charge upon the burden of proof as to the extent of plaintiff's injuries was incomplete, and that therefore the court erred in refusing a special instruction asked for defendant, to the effect that the burden was upon plaintiff to show by a preponderance of evidence that the disorders with which he was afflicted were the result of the railroad accident. The theory of the plaintiff was that he was suffering from "spinal concussion" caused by the accident; but that of defendant was that his sufferings proceeded mainly, if not wholly, from a disease of the heart or blood vessels, which had their origin in some other source. Upon this question the evidence was very conflicting. Such being the issue made by the testimony, the court in its general charge gave the following instruction:

"The burden of proof is on the plaintiff Mannewitz to show the extent of his injuries which were caused by the turning over of the car. If you believe from the evidence that plaintiff Mannewitz had heart disease or other complaint at the time of the turning over of the coach, then he would not be entitled to recover damages for such heart disease or other complaint; but would be confined to damages only for his injuries which were caused by the upsetting of the coach. If you believe from the evidence that the plaintiff Mannewitz is suffering from any disease in the head or back, yet unless you believe from the evidence that such disease of the head or back was caused by the overturning of the coach, the plaintiff Mannewitz would not be entitled to damages for the disease of the head or back. The plaintiff is entitled to recover damages for whatever injuries you believe from the evidence he has sustained by the overturning of the coach, if you believe from the evidence that the overturning of the coach was caused by the negligence of the defendant company or its employes."

It is contended that this instruction was calculated to lead the jury to believe that if the plaintiff showed by the evidence

of his own witnesses that his condition was the result of injuries received in the railroad accident, they should find accordingly, without taking into consideration the evidence of defendant and weighing all the testimony together. But we do not so consider it. The jury were told that the burden was upon the plaintiff "to show the extent of his injuries;" that he was entitled to recover only for such injuries as the jury "believed from the evidence he had sustained by the overturning of the coach;" and in effect that he was not entitled to recover for any disease that proceeded from any other cause. This means that the jury were to consider the whole evidence, and not merely that introduced by the plaintiff; and was not calculated to mislead any competent juror. If the finding had been against the weight of the testimony, the criticism upon the charge may have been entitled to more consideration. But taking the whole evidence together it satisfactorily sustains the verdict and leaves us no reason to think the jury were misled by the charge of which appellant complains. A charge that the plaintiff was entitled to recover for such injuries as he had shown by a preponderance of evidence to be the result of the accident, would have been favorable to him, and the omission of such a charge was therefore not prejudicial to the defendant.

A party who receives an injury resulting from the negligence of another, and who neglects to use the proper means to effect a recovery, can not recover for the aggravation of his injuries accruing from such neglect. This is but a branch of the doctrine of contributory negligence. In this case it appeared that plaintiff was injured on his way to his home in Abilene. After the accident he continued his journey to Temple, and from that point took the next train to his home. Upon his arrival he placed himself under the treatment of a physician, and it is to be inferred, continued under such treatment for several months. His attending physician testified: "It was impossible to confine Mr. Mannewitz to his bed; he averred that slight exercise relieved him of pain; this, I believe is characteristic of the disease; he has been such an active, stirring man that it was impossible to control him." And again, "Mr. Mannewitz did not observe the strict quietude when he was first injured that he ought to have done; his pain made him restless

and uneasy; how much harm his restlessness has done him I can't say, but I believe confinement to his bed would have been beneficial."

Other physicians testified to the effect, that in cases of spinal concussion, rest and quiet were proper treatment, and were very important in order to secure a recovery. The defendant requested the court to give the following special instruction: "If you find from the evidence that after the plaintiff received his alleged injuries in the railroad accident, by the exercise of reasonable care and caution, and by following the directions of his doctor he could have been cured, then you will, and can not find damages only to the time when you believe he could have been so cured."

The refusal of this charge is also assigned as error. It seems to us that the charge assumes certain facts which there was no evidence to establish; but waiving this, the question is, was it proper for the court to give a charge upon this subject? The attending physician who testified in the case was a witness for the plaintiff, but his testimony indicates that he was willing to state any fact within his knowledge pertinent to the case. If defendant wished to make an issue upon the matter of the plaintiff's conduct after the injury, as affecting his recovery, by proper interrogatories to the witness it might have proved whether plaintiff followed his physician's directions or not. As his testimony stands, two incidental remarks merely create a surmise that the plaintiff may not have followed his treatment. The witness does not say that he was told of the importance of keeping quiet, or that he knew that moving about would retard his recovery. The physician does state, however, that motion relieved his pain. One who receives a physical injury at the hands of another can not be expected to know in every instance the most prudent thing for him to do, and should not be held negligent because his sufferings are such that they impel him to a course not favorable to his recovery. There is evidence here that plaintiff did not pursue the most beneficial course for the treatment of his injuries; but there is a mere conjecture that he knew of this, or had been seriously advised as to the proper course to pursue. It requires something more than a mere scintilla of evidence of a fact in order to authorize the question of its existence to be submitted to the

jury. (G. H. & S. A. Railway Co. v. Faber, present term, and cases there cited.) We think the court did not err in refusing the instruction.

Neither is the third assignment of error well taken. The petition did not undertake to give a specific catalogue of the plaintiff's injuries. It alleged, however, that he was "injured in his spine, chest, head and limbs," and this is sufficiently comprehensive to embrace a heart disease, or an aneurism of the blood vessels situated in the chest. The special instruction under consideration would have excluded such diseases from the computation of the damages, although the jury may have believed that they were produced by the injury. The court did not err in refusing the charge.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 21, 1888.

