## DALLAS RY. & TERMINAL CO. v. ECTOR.

### No. 13323.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 21, 1936.

Rehearing Denied March 13, 1936.

Worsham, Rollins, Burford, Ryburn & Hincks and Allen Charlton, all of Dallas, for appellant.

Myres, Killough & Ford and James S. Killough, all of Dallas, for appellee.

BROWN, Justice.

Appellee, Walter Ector, brought suit against appellant, Dallas Railway & Terminal Company, to recover personal injuries alleged to have been sustained by appellee's wife, Ethel Ector, on the occasion of a collision between two street cars owned by the appellant.

The case was tried to a jury and submitted on five special issues. The first issue required the jury to answer whether or not Ethel Ector sustained injury at the time in question. The second issue submits the question of whether or not the collision was caused by the failure of some employee of defendant to exercise a high degree of care for the safety of plaintiff's wife. The third

issue required the jury to find whether or not such failure was a proximate cause of the injury sustained. The fourth issue required the jury to find whether or not the collision was an unavoidable accident. The fifth special issue, which covers the amount of damages, was submitted in the following language: "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate the plaintiff for the physical and mental suffering, if any, of his wife, Ethel Ector, in the past, if you find there has been any in the past, and in the future, if you find there will be any in the future, and for her diminished capacity to labor and earn money, in the past, if any, and in the future, if you find there will be any in the future, and for reasonable and necessary expenses heretofore incurred for doctor's bills, if any, (not including witness fees) resulting directly and proximately from the injuries, if any, of Ethel Ector? Answer: $1350.00."

All of the issues were answered favorably to the plaintiff, and the sum of $1,350 was awarded as damages.

Appellant pleaded no special defense, but interposed a general denial.

We find the following objection made by appellant to the submission of issue No. 5: "Defendant further objects to issue No. 5 because the evidence raises the issue that a part of the plaintiff's physical and mental suffering, if any, were attributable to some kidney trouble which had no connection with the accident and the court should instruct the jury in connection with Issue No. 5 not to consider nor allow anything for physical and mental suffering or loss of earning capacity in the past because of so much of the kidney trouble, if any, that plaintiff had which was not an aggravation by the accident."

On the verdict returned, judgment was rendered for plaintiff, appellee, against the defendant, appellant, in the sum of $1,350.

Five assignments of error are presented. The first assignment complains of the refusal of the court "to instruct the jury in connection with special issue No. 5 not to consider and allow anything for physical and mental suffering or loss of earning capacity because of so much of the kidney trouble, if any, of Ethel Ector, as did not consist in an aggravation because of the accident."

■ Even under a pleading containing only a general denial, appellant was entitled to an issue constituting either a complete or a partial defense to plaintiff's cause of action; but it will be noted that appellant requested no issue on the question of Ethel Ector's previously existing infirmity, if any. The existence of such disease, which was shown to be some kidney trouble, was sharply controverted and could not be assumed to exist by the trial court. Appellant not having requested an affirmative finding on such issue, it waived it and was not entitled to have the charge modified so as to cover any prior existing disease. Armour & Co. v. Tomlin (Tex.Civ.App.) 42 S.W.(2d) 634, affirmed by Commission of Appeals, 60 S.W. (2d) 204; Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; article 2190, R.C.S., as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190).

The second assignment of error is, in substance, like that of the first.

■■ The third assignment of error complains of the jury's discussing and considering an attorney's fee in answering special issue No. 5. We do not find from the record where any juror was influenced by the casual remark that was testified to as having been made by one of the jurors. The verdict is not a large one, and cannot be said to be excessive. Since such jurors as were interrogated on a hearing of the motion for new trial testified that they only figured the actual losses and expenses incurred, and then allowed a small sum for actual suffering, the verdict is amply supported by the evidence. On the hearing, the trial court necessarily found that the mere mention of attorney's fees by one juror did not affect the amount of the judgment. Bradley v. Texas & P. R. Co. (Tex.Com.App.) 1 S.W.(2d) 861; St. Louis Southwestern R. Co. of Texas v. Gilpin (Tex.Civ.App.) 73 S.W.(2d) 1054, writ refused; Commercial Credit Co., Inc., v. Groseclose (Tex.Civ. App.) 66 S.W.(2d) 709; Dallas Railway Co. v. Hallum (Tex.Civ.App.) 276 S.W. 460, writ refused.

The fourth assignment of error asserts that the verdict should be set aside because an unknown juror desired to answer the second question "No," and one or more of the other jurors represented to him that he should agree with his associates and answer such issue "Yes," because it made no difference as to the judgment that would be rendered, since the jury had agreed to answer issue No. 1 "Yes," and that the plaintiff would get whatever amount was found in response to special issue No. 5.

On the hearing of the motion for a new trial, no juror was presented who would sustain appellant's contention. It was developed that a juror by the name of Brannon held out for some time before he agreed to answer issue No. 2 "yes," but that he finally agreed with the other eleven jurors and the verdict was returned. In the first place, even if the juror Brannon, who is shown to be the only juror who could have possibly been affected by the asserted statement, had been present at a hearing on the motion for a new trial, he would not have been permitted to attempt to impeach his own verdict, on the theory that he did not understand the effect of his verdict. The trial court found there was no misconduct. City of Brownsville v. Crixell (Tex.Civ. App.) 275 S.W. 430.

The fifth assignment of error asserts that the verdict should be set aside because one juror related his personal experiences with a sprain, illustrating that sprains were very slow in healing. At the hearing on the motion for a new trial, the trial court found that a casual remark by one juror to another, which was made either before or after the verdict was reached, concerning a fact that he had once had a sprain, was not misconduct. Blue Diamond Motor Bus Co. v. Hale (Tex.Civ.App.) 69 S.W.(2d) 228.

All assignments of error are overruled, and the judgment of the trial court is affirmed.