**CRIM v. HUNTER.**

No. 3434.

Court of Civil Appeals of Texas. El Paso.

Oct. 15, 1936.

Rehearing Denied Oct. 29, 1936.

W. H. Barnes, of Terrell, A. A. Dawson, of Canton, and Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Wynne & Wynne, of Wills Point, for appellee.

HIGGINS, Justice (after stating the case as above).

■ It is asserted that because the controverting affidavits were not filed within five days after the appearance day of the April term, the court was without power to dismiss as to Foster and could do nothing except to enter an order changing the venue.

This contention is without merit for the mere failure to file the controverting affidavit within the five days' period did not imperatively operate to require transfer of the venue. Until a plea of privilege is acted upon, the court retains jurisdiction and for good cause shown may permit the filing of a controverting affidavit after the five days' period and consider the plea upon its merits. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978; Miller v. Burnet M. Co. (Tex.Civ.App.) 65 S.W.(2d) 505; Brown C. & C. Co. v. Jenson (Tex.Civ.App.) 32 S.W.(2d) 227; Page v. Schlortt (Tex.Civ.App.) 71 S.W.(2d) 886.

■ If it be conceded the evidence raised the issue of contributory negligence, the court nevertheless did not err in refusing to submit any issue in that respect because it was not pleaded. With certain exceptions which have no present application, contributory negligence is not available as a defense unless pleaded. Texas & N. O. Ry. Co. v. Rooks (Tex.Com.App.) 293 S.W. 554; Dunn v. Texas Coca-Cola B. Co. (Tex.Civ.App.) 84 S.W.(2d) 545.

■ Nor does the evidence raise any issue of a new and independent cause which destroyed the causal connection between the negligence of the driver of the truck and the injury complained of. The appellant insists the issue of a new and independent cause is presented by the evidence showing that when the driver attempted the second time to pass the wagon he was forced to turn to the right by the appearance of a car approaching from the opposite direction. A driver upon a public highway who undertakes to pass upon the left another vehicle proceeding in the same direction must ordinarily anticipate that his passage may be obstructed by vehicles moving in the opposite direction upon the left-hand side of the road, as happened here.

Appellant points out no evidence which would relieve the driver of the truck of foreseeing and anticipating that his passage might be obstructed by a car approaching from the opposite direction.

Wherefore, the evidence raises no issue of a new and independent cause which would break the proximate causal connection between Foster's negligence and the collision. The court for this reason did not err in refusing to submit an issue or charge in that respect. Leap v. Braziel (Tex.Civ.App.) 93 S.W.(2d) 1213; Texas-Louisiana P. Co. v. Bihl (Tex.Civ.App.) 43 S.W.(2d) 294, Id. (Tex.Com.App.) 66 S.W.(2d) 672; Butler v. Herring (Tex.Civ.App.) 34 S.W.(2d) 307.

For discussion of the rules of law relating to a new and independent cause, see 30 Tex.Jur., Negligence, §§ 56 and 57.

The criticism of the issues relating to damages is without merit. Nor is there any merit in the assignments complaining of rulings upon evidence and refusal to permit counsel to propound certain questions to the jurors upon voir dire examination.

■ The same is true with respect to the complaint made of argument of counsel. Some of the argument would have been regarded as objectionable and reversible in nature except for the fact that the bills of exception show it was provoked by previous argument made by defendant's counsel.

■ Misconduct by the jury is charged as follows:

1. That it first agreed upon the amount of damages and then answered the other issues so as to impose liability for the same.

2. The jury discussed and took into consideration the fact that defendant probably carried insurance which would pay the judgment or a part thereof and the fact that plaintiff's attorneys would receive a part of the judgment.

The evidence does not support the charge that the issues were intentionally answered so as to impose liability for the damages previously agreed upon.

It does show there was some discussion in the jury room as to the fact that defendant, being the operator of a line of trucks, probably was required by law to carry insurance which, to some extent, protected him. There was also some discussion to the effect the plaintiff's attorneys probably had a contingent fee and would receive a part of the recovery.

The evidence, however, shows the foreman of the jury promptly admonished

the jurors their discussion as to insurance and attorney's fees was improper and had nothing to do with the case.

They all testified the reference to insurance and attorney's fees did not influence their verdict.

Appellant in his brief has referred to no evidence which would excuse the truck driver for attempting to pass plaintiff's wagon without knowing or having reasonable ground for believing the left side of the road was clear so the truck could pass safely. That the truck driver was negligent in attempting to pass hardly admits of doubt.

 The damages awarded are not excessive. It is not so contended. The evidence would have warranted damages for the personal injuries inflicted, particularly as to the wife, heavier than the sums awarded.

Under all of these circumstances, the trial court did not abuse the discretion vested in it in overruling the motion for new trial. Bradley v. Texas & P. Ry. Co. (Tex.Com.App.) 1 S.W.(2d) 861; Commercial Credit Co. v. Groseclose (Tex.Civ. App.) 66 S.W.(2d) 709; Ford Motor Co. v. Whitt (Tex.Civ.App.) 81 S.W.(2d) 1032; Dallas Ry. & T. Co. v. Ector (Tex. Civ.App.) 91 S.W.(2d) 954.

Affirmed.