DALLAS RAILWAY & TERMINAL COMPANY v. WALTER ECTOR.

No. 7079.   Decided May 18, 1938.
(116 S. W., 2d Series, 683.)

*Worsham, Burford, Ryburn & Hincks,* of Dallas, for plaintiff in error.

*Ford & Killough,* of Dallas, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendant in error Walter Ector recovered judgment against plaintiff in error Dallas Railway & Terminal Company for damages on account of personal injuries claimed to have been sustained by his wife, Ethel Ector, in a collision between two street cars belonging to the company in one of which Mrs. Ector was riding as a passenger. The judgment was affirmed by the Court of Civil Appeals. 91 S. W. (2d) 954.

Only one question of law is presented for decision to this Court and that question relates to the overruling by the trial court of an objection to the charge. It arose in this manner. Special Issue No. 5 of the Court's charge was as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate the plaintiff for the physical and mental suffering, if any, of his wife, Ethel Ector, in the past, if you find there has been any in the past, and in the future, if you find there will be any in the future, and for her diminished capacity to labor and earn money, in the past, if any, and in the future, if you find there will be any in the future, and for reasonable and necessary expenses heretofore incurred for doctor's bills, if any, (not including witness fees) resulting directly and proximately from the injuries, if any, of Ethel Ector?"

To this issue the Railway Company timely made the following objection in writing:

"Defendant further objects to issue No. 5, because the evidence raises the issue that a part of the plaintiff's physical and mental suffering, if any, were attributable to some kidney trouble which had no connection with the accident and the court should instruct the jury in connection with Issue No. 5 not to consider nor allow anything for physical and mental suffering or loss of earning capacity in the past because of so much of the kidney trouble, if any, that plaintiff had which was not an aggravation by the accident."

Mrs. Ector alleged in her petition and testified as a witness, that she sustained an injury to her back as a result of the collision. The railway company offered testimony to the effect that Mrs. Ector had been suffering from some prior kidney disorders and that a part of the injuries which she received, if any, were but an aggravation of her prior kidney trouble. The fact of the existence of a prior kidney trouble was denied by Mrs. Ector and her witnesses. It thus appears that an issue of fact was sharply presented as to whether Mrs. Ector was suffering from a kidney trouble prior to and at the time of the collision and as to whether or not a part of her suffering was attributable to the prior condition of her kidneys.

1 It has long been a settled rule in this State that where a plaintiff in a personal injury suit is suffering from an infirmity not caused by the accident which is the basis of the suit, and where the injuries flowing from the prior existing infirmity and those flowing from the negligence of the defendant are closely connected and intermingled to the extent that the jury might become confused and allow for improper elements of damages, the trial court should affirmatively charge the jury that plaintiff is entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence. In cases submitted upon a general charge that rule has been many times announced and applied. St. Louis Ry. Co. of Texas v. Johnson, 100 Texas 239, 97 S. W. 1039; Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas 73, 8 S. W. 66; Galveston, H. & S. A. Ry. Co. v. Coker, 135 S. W. 179 (error refused) ; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App. 93, 40 S. W. 608 (error dismissed) ; 17 C. J. 1074, Sec. 378.

The same principle has been applied in suits by the heirs of a deceased person for damages sustained by them on account of his death. Hines v. Kelley, 252 S. W. 1033.

The principle governing these decisions is the same as that governing the rule that the defendant is entitled to an affirmative presentation of his defenses. With respect to this valuable right of the defendant no distinction has been made between cases submitted on general charges and those submitted on special issues. Fox v. Dallas Hotel Co., 111 Texas 461, 240 S. W. 517; Colorado & So. Ry. Co. v. Rowe, (Com. App.) 238 S. W. 908; Dixie Motor Coach Corporation v. Galvan, 126 Texas 109, 86 S. W. (2d) 633 (Com. App.) ; Elliott-Greer Office Supply Co. v. Martin, 126 Texas 112, 86 S. W. (2d) 635 (Com. App.) ; Green v. Texas & Pac. Ry. Co., 81 S. W. (2d) 669 (Com. App.).

Similarly no distinction has been made between cases submitted upon general charges and those submitted upon special

issues with regard to affirmative exclusion of elements of damages, for which the defendant is not liable, but which are so closely intermingled with those elements for which he is liable as to be calculated to confuse the jury. St. Louis S. F. & T. Ry. Co. v. Houze, 28 S. W. (2d) 865; Times Publishing Co. v. Ray, 1 S. W. (2d) 471, affirmed, 12 S. W. (2d) 165; Dallas Ry. & Term. Co. v. Moore, 52 S. W. (2d) 104; Texas & Pac. Ry. Co. v. Phillips, 56 S. W. (2d) 210 (error dismissed); Galbraith-Foxworth Lbr. Co. v. Gerneth, 66 S. W. (2d) 471 (error dismissed).

**2** It is the rule, as contended, that in cases submitted on special issues general charges have no place. The only authority for including instructions in charges in such cases is found in R. S. Art. 2189, providing:

" * * * In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. * * * ."

Under this provision of the statute it is proper for the Court to specify in the charge the elements to be considered by the jury in measuring plaintiff's damages and a charge which specifies such elements is not subject to the objection that it is a general charge. Conn. General Life Ins. Co. v. Dent, 84 S. W. (2d) 250 (error dismissed); State v. Blair, 72 S. W. (2d) 927; Tex.-Mex. Ry. Co. v. Canales, 299 S. W. 668.

Since it is not error to specify the elements of damages properly to be considered, it is not error to exclude elements improper to be considered. To do so does not violate the rule forbidding the giving of general charges in cases submitted upon special issues.

**3** In the instant case the railway company was entitled to an affirmative exclusion of such elements of damages, if any, as might have been attributable to the prior infirmities, if any, of Mrs. Ector. The Court of Civil Appeals seems to have recognized its right in this respect, but concluded that some special issue should have been requested by the railway company. No purpose would have been served by submitting an issue to the jury on the disputed fact question of whether Mrs. Ector was suffering from prior kidney disorders. An answer to that question would have determined nothing. Nor was it necessary for the railway company to submit a requested issue setting out the excluded elements along with those properly to be included. As above noted, the authority for enumerating as well as excluding elements of recovery is found in the statute authorizing

the court to embody in the charge definitions and explanations of terms. A party objecting to a definition as contained in the Court's charge properly raises the question of its accuracy or sufficiency and is not put to the necessity of preparing and requesting a correct definition. Robertson & Mueller v. Holden, 1 S. W. (2d) 570; Hines v. Kelley, supra.

Had such an issue been defensive and been determinative of the question of liability, then it would have been the duty of the railway company to request its submission. Armour & Co. v. Tomlin, 60 S. W. (2d) 204 (Com. App.) ; Gulf, C. & S. F. Ry. Co. v. Connley, 113 Texas 472, 260 S. W. 561; Harris v. Leslie, 128 Texas 81, 96 S. W. (2d) 276. But it was not its duty to request an issue curing a defect in a definition. A proper objection to a definition is all that is required to preserve the error. Authorities supra.

4 The most common form for submitting the question of damages in a personal injury case is for the Court to call on the jury to determine plaintiff's damages and then follow the question with instructions as to the elements properly to be considered in arriving at the damages. It will be noted that in the instant case the Court adopted a different, and we think preferable, method of submitting the question by embodying the elements in the issue itself, but the difference in the form of submission cannot be made to alter the rights of the defendant to have affirmative exclusion of improper elements. In the issue submitted the Court should have embodied the idea of exclusion of pain and suffering, if any, on account of Mrs. Ector's prior disability, if any, except in so far as that condition may have been aggravated through defendant's negligence.

From the conclusions above announced it follows that the judgments of the trial court and the Court of Civil Appeals should both be reversed and the cause remanded. It is accordingly so ordered.

Opinion adopted by the Supreme Court May 18, 1938.