Yellow Cab and Baggage Company et al v.
Mrs. Jewell Green

No. A-4733. Decided March 30, 1955.
Rehearing overruled April 27, 1955.
(277 S.W. 2d Series 95)

*Jones, Parish & Fillmore* and *Clyde Fillmore,* of Wichita Falls, for petitioner.

The Court of Civil Appeals erred in holding that because appellant (Cab Company) failed to tender in writing a special request issue that the plaintiff was not entitled to recover damages for prior diseases, or nervous conditions, except to the extent that they may have been aggravated or added to by the injuries sustained in the accident in question, in addition to the charge given by the court, error was not preserved by plaintiff. Dallas Ry. & Term. Co. v. Ector, 131 Texas 505, 116 S.W. 2d 683; Nehi Bottling Co. v. Patton, 142 S.W. 2d 900; Hines v. Kelley, 252 S.W. 1033.

*E. W. Napier,* of Wichita Falls, for respondent.

In reply to petitioners' points cited Gulf C. & S. F. Ry. Co. v. Conley, 113 Texas 472; Texas Emp. Ins. Ass'n. v. Mallard, 143 Texas 77, 182 S.W. 2d 1000; Russell Const. Co. v. Ponder, 143 Texas 412, 186 S.W. 2d 233.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is an action for personal injuries suffered by respondent, Mrs. Jewell Green, as a result of a collision between a taxicab belonging to petitioner and an automobile belonging to a third party, and in which cab, at said time of the collision, respondent, Mrs. Jewell Green, was a passenger. The cause was submitted to a jury, and upon their verdict, the trial court rendered a judgment for respondent against petitioner. Petitioner appealed to the Court of Civil Appeals. That Court affirmed the trial court's judgment. 268 S.W. 2d 519.

Petitioner comes to this Court upon four points of error, all of which have to do with the refusal of the trial court to give an affirmative instruction excluding damages resulting to Mrs. Green by virtue of prior infirmities, except in so far as Mrs. Green's physical condition prior to the injury involved in this litigation may have been aggravated as a result of petitioner's negligent act. The Court of Civil Appeals held that the petitioner would have been entitled to such affirmative instruction had petitioner presented to the trial court, and accompanying petitioner's objections to the court's charge, a correct instruction; but that since petitioner only objected to the court's charge, he could not complain of the failure of the trial court to limit his charge as requested. There is no dispute as to the facts surrounding this procedural point. All complaint has to do with Special Issue No. 23, and the accompanying instruction given by the Court. These are as follows:

"SPECIAL ISSUE NO. 23:

"What amount of money, if any, if now paid in cash, do you find from a preponderance of the evidence would reasonably compensate the Plaintiff, Mrs. Jewel Green, for the damages, if any, which she has sustained, or will, in all reasonable probability, sustain in the future, as a direct and proximate result of the negligence, if any, of the Defendant herein? Answer in dollars and cents, or 'None'.

"In answering the foregoing Issue, you will take into consideration only the following elements: Physical and mental pain and suffering, if any, which Mrs. Jewell Green has suffered to the time of the trial, and such physical and mental pain and suffering, if any, which Mrs. Jewell Green will, in all reasonable probability, suffer in the future; and the loss of earnings, if any, from the date of the collision to the time of this trial, and the reasonable value of her reduced capacity, if any, to labor and earn money in the future, if you find that her capacity to labor and earn money will, in reasonable *probably,* be diminished in

the future. You will not allow any sum of money for any pain and suffering, loss of earning, or earning capacity, except those which you find to be directly and proximately caused by the negligence, if any, of the Defendant herein."

In the case of Texas Employers' Ins. Ass'n. v. Mallard, 1944, 143 Texas 77, 182 S.W. 2d 1000, 1002, there was before this Court the same legal question as is here involved. After quoting from Rule 274 and Rule 279, T.R.C.P., this Court clearly declared the law to be that a good and sufficient objection to the instruction given by the trial court was sufficient, and that the party complaining of the erroneous instruction was not required to go farther and submit "a substantially correct definition or explanatory instruction" as provided in Rule 279, and says:

"It seems clear to us that this case falls under Rule 274 and not Rule 279. Rule 279 applies when there is a failure to submit a definition, while Rule 274 applies when a definition is actually contained in the charge, but the complaining party objects to it because it is thought to be erroneous. When the court fails to define a term which a litigant is entitled to have defined Rule 279 is applicable; but when, as here, the court's charge does contain a definition, but same is unsatisfactory to the litigant, Rule 274 is applicable."

See also Dallas Ry. & Terminal Co. v. Ector, 1938, 131 Texas 505, 116 S.W. 2d 683; Russell Const. Co. v. Ponder, 1945, 143 Texas 412, 186 S.W. 2d 233 (7); Hines v. Kelley, 1923, Texas Com. App., 252 S.W. 1033; Robertson & Mueller v. Holden, Texas Com. App., 1928, 1 S.W. 2d 570; 41B Texas Jur. 672, et seq., Sec. 511, *Trial-Civil Cases.*

■ We hold that in a case where the trial court gives a definition or an instruction in connection with a special issue, and a party is not satisfied with the instruction or definition given, all that is necessary to be done by the complaining party is to file an objection to the court's instruction or definition specifically and clearly pointing out wherein it is claimed the given instruction or definition is insufficient or is in error. It is not necessary for the objecting party to tender with his objection a substantially correct instruction or definition. Rule 274, Vernon's Annotated Texas Rules of Civil Procedure. When the Court's charge contains no instrucction, the complaining party must accompany his clear and specific objections to such omission with a substantially correct definition or explanatory instruction.

■ This brings us to the question as to whether or not Special Issue No. 23, together with its explanatory instruction was sufficient to confine the jury to a consideration of the amount of money damages to be awarded, if any, to those directly and proximately resulting from the petitioner's negligence. Petitioner claims that said instruction did not affirmatively exclude from the consideration of the jury such damages the respondent may have suffered from prior infirmities. In our present case the evidence shows that the respondent was a woman who suffered from indigestion and female trouble. She was going through the "menopause" and as a result of all her illness she was nervous at times. She had two operations prior to the accident — one was a hysterectomy which was in 1950 and approximately two and one half years previous to the accident; the other was the removal of her gall bladder in April or May of 1951. The testimony further shows that for some six or eight months prior to the injuries received in the collision in question, Mrs. Green was in good health, and was working at a heavy and rather strenuous job in a cleaning establishment, with no ill effects from her operations save being unable to sleep at nights on occasion. For her insomnia she was taking a "little tablet" which was a mild sedative; for her indigestion she took occasional injections of liver extract as a substitute for nature's function through the gall bladder. She continued both of these medicines after the accident. She was highly nervous after the accident, and her doctor testified it would take some time for Mrs. Green to be restored to the state of health which she enjoyed prior to her injury in the collision in question. Respondent's doctor further testified that, in his opinion, all of Mrs. Green's injuries were the result of the collision in question. The doctor offered by the petitioner stated that, in his opinion, Mrs. Green was of the "hysterical" type; a very nervous woman; and that her injuries resulted from her previous operations and physical condition, and did not result from injuries suffered in the accident of December 1952 for which recovery was sought. He further testified that, in his opinion, the collision in which Mrs. Green was involved definitely could "temporarily increase her nervous symptoms, and aggravate her previous nervousness."

The court, in the issue itself, confined respondent's recovery to "* * * damages * * * which she * * * will * * * sustain * * * *as a direct and proximate result of the negligence, if any, of the defendant herein?"* In the explanatory instruction accompanying this issue the trial court again limited respondent's damages by the last sentence of such instruction, reading: *"You will not allow any sum of money* for any pain and suffering, loss

of earning, * * * except those which you find to be *directly and proximately caused by the negligence, if any, of the defendant herein."* (Emphasis added.)

Petitioner relies upon the case of Dallas Ry. & Terminal Co. v. Ector, 131 Texas 505, 116 S.W. 2d 683 to sustain its contention that the court's charge herein was error. Our case is distinguishable from the Ector case in that our case contains an affirmative instruction that the jury would "not allow any sum of money for pain and suffering, loss of earnings, or earning capacity" except such as were proximately caused by the defendant's negligence. There was no such instruction in the Ector case.

We must presume that the jurors in this case were intelligent, honest and fair-minded men, as has been our experience in dealing with jurors in the practice of our profession. We do not believe that any juror would be misled, or encouraged by this instruction, to include any damages suffered by respondent which might result from her previous infirmities or physical condition. The trial court tells them plainly, clearly and pointedly that they must exclude all damages except those arising as a result of the negligence, if any, of the petitioner herein, and, in our opinion, this instruction affirmatively excludes any other damages. We do not see how petitioner could have suffered any injury by the failure to include in the instruction the matter pointed out by petitioner's objections to the court's charge. Having confined and limited respondent's recovery to those damages suffered as a result of petitioner's negligence, we hold that petitioner was not entitled to have another phase or shade of meaning included in the court's instructions. The intent and purpose of the new rules of civil procedure adopted in 1941, and as further amended by this Court, was to promote the speedy disposition of causes and to simplify the special issue practice and eliminate the submission of one ground of recovery or defense in a multitude of different ways depending upon the ingenuity of trial counsel to submit them. The same reasoning will apply to giving of explanatory instructions as to issues. Vernon's Annotated, Texas Rules of Civil Procedure, Rules 1 and 279. We hold the instruction given to be sufficient.

Upon an examination of the record we find that the Court of Civil Appeals acted upon each of the points of error raised by appellant therein (petitioner here). Petitioner in this Court makes complaint only of the error of the Court of Civil Appeals in holding it was necessary to submit a substantially correct

instruction to accompany its objections to the trial court's charge. This point of error we have sustained.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 30, 1955.

Rehearing overruled April 27, 1955.