**J. P. BOWLES, Appellant,**

v.

**Bob LINDLEY et ux., Appellees.**

**No. 7678..**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 30, 1967.

Rehearing Denied Feb. 27, 1967.

Albert Smith, Lubbock, for appellant.

Paul New, Denver City, for appellees.

NORTHCUTT, Justice.

This is a common-law personal injury suit growing out of a three-car rear-end collision. The suit was brought by Bob Lindley and wife, Mary Dell Lindley, as plaintiffs, against J. P. Bowles, as defendant, to recover damages sustained by the plaintiffs and their minor son, David Wayne Lindley. The parties will hereafter be referred to as they were in the trial court.

Plaintiffs alleged that on or about September 29, 1964, they were riding as passengers in a 1962 Oldsmobile owned and driven by Forrest Freeman. The automobile in which the plaintiffs were riding was traveling east down 19th Street in Lubbock and when they reached an intersection, they stopped behind two other cars waiting for a red light to change. While they were stopped, another vehicle driven by a Mrs. Schank approached from the west and stopped to the rear of the car in which plaintiffs were riding and while these cars were stopped and waiting for the light to change, the defendant approached from the west and struck the Schank car, knocking it into the rear of the car in which the plaintiffs were riding. The plaintiffs alleged certain damages to each plaintiff and also to their minor son and prayed for the total amount of all damages in the sum of $51,000.

The case was tried to a jury upon special issues. The jury found the defendant failed to keep a proper lookout for the automobile in which plaintiffs were riding and same was a proximate cause of the injuries to Mary Dell Lindley; that defendant failed to apply his brakes in time to avoid the collision; such failure was negligence and a proximate cause of the damage; that Mrs. Schank stopped suddenly but the same was not the sole proximate cause; that defendant was not driving his vehicle at an excessive rate of speed; that the collision was not the result of an unavoidable accident and that $7,500 would fairly and reasonably compensate Mrs. Lindley for such injury and damages. No issue was submitted as to Mr. Lindley's injuries. Judgment was granted that Bob Lindley and wife, Mary Dell Lindley, recover of and from J. P. Bowles the sum of $7,500. From that judgment the defendant perfected this appeal.

By his first point of error the defendant contends the court erred in refusing to submit the defendant's sole proximate cause issue. The defendant pleaded that the action of Freeman in suddenly applying his brakes constituted the sole proximate cause of the collision. Alternatively the presence of dust or powder-like substance on the street constituted the sole proximate cause of the collision. In the further alternative a combination of the action of Freeman in applying his brakes suddenly and the presence of dust or powder-like substance on the street constituted the sole proximate cause of the collision. The issue requested by defendant as to sole proximate cause was (a) "Do you find, from a preponderance of the evidence, that on the occasion in question there was some substance on the street?" (b) "Do you find, from a preponderance of the evidence, that the presence of a substance on the street, if you have so found, was not the sole proximate cause of the collision?"

There were no pleadings in this case of unavoidable accident. Neither were there any pleadings or evidence to justify any issue that the acts of Mrs. Schank were the sole proximate cause of the collision here involved. However, since we are of the opinion the case must be reversed on other matters, we deem it unnecessary to pass upon any of defendant's points of error except Point 4, hereafter considered, as they may not arise in another trial. We are of the opinion, however, and so hold, that if the substance on the street was responsible for defendant's car knocking the Schank car into the Freeman car causing the damage, it must be because of some act of negligence on the part of the defendant which occurred prior to the hitting of the substance on the street, if any. Dallas Transit Company v. Tolbert, 337 S.W.2d 617 (Tex.Civ.App.-San Antonio, 1960, writ ref'd nre). It is further held in that case as follows: "At most the issue should have been confined to the wet condition of the street as such a cause."

By defendant's fourth point of error it is contended the trial court erred in refusing to confine the jury in their assessment of damages to the damage which resulted from defendant's negligence. The accident here in question occurred on September 29, 1964. Slightly more than two months before the accident here involved, the plaintiffs were injured in a rear-end collision just like the one here and received the same kind of injuries to the neck, back, and continued headaches. On September 9, 1964, Mr. Lindley stated that Mrs. Lindley was still having pretty serious headaches. On that same date Mrs. Lindley stated that her neck was still bothering her and she believed she would go see a chiropractor about it and did go to see the chiropractor about September 19, 1964, about her neck and headaches.

The trial court in charging the jury as to the matters they might consider in arriving at the amount of damages charged as follows:

"(a) Physical and mental pain and suffering, if any, as you may find from a preponderance of the evidence Mary Dell Lindley has sustained from the time of her injuries on the 29th day of September, 1964, to the date of this trial, and such physical pain and mental anguish, if any, as you may find from a preponderance of the evidence Mary Dell Lindley will in reasonable probability sustain in the future beyond this date.

"(b) Loss of earnings and capacity to work and earn money and perform household duties (which includes such aid, comfort, assistance and society of the wife in her condition at the time of injury as might reasonably have been expected, to her husband in the circumstances and conditions of their environment), if any, of Mary Dell Lindley since the date of her injuries, if any, to the present date, and such loss of earnings and capacity to work and earn money and to perform household duties in the future, if any, which she will rea-

sonably and probably experience as a result of the accident in question. And you may further find for plaintiff whatever amount you may find from a preponderance of the evidence she has paid or become liable to pay for medical attention, hospital bills, nurse hire, but only in such amount as you may find to have been reasonable and necessary.

"(c) You are further instructed that in connection with answering the issue, you must exclude from your estimate any compensation for impairment, if any, and suffering, if any, of Mary Dell Lindley, which may have been or will be due solely or partly to ailments or physical conditions, if any, which she may have had before the accident, but if you find from the evidence that the injuries, if any, have aggravated or will aggravate any ailments or physical conditions, if any, which plaintiff may have had prior to the time of the alleged injuries, then you may consider in your estimate such aggravations, if any."

■ It is stated in Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683 (1938) as follows:

"It has long been a settled rule in this state that, where a plaintiff in a personal injury suit is suffering from an infirmity not caused by the accident which is the basis of the suit, and where the injuries flowing from the prior existing infirmity and those flowing from the negligence of the defendant are closely connected and intermingled to the extent that the jury might become confused and allow for improper elements of damages, the trial court should affirmatively charge the jury that plaintiff is entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence. In cases submitted upon a general charge that rule has been many times announced and applied. St. Louis [Southwestern] Ry. Co. of Texas v. Johnson, 100 Tex. 237, 239, 97 S.W. 1039; Gulf, C. & S. F. Ry. Co. v. McManne-

witz, 70 Tex. 73, 8 S.W. 66; Galveston, H. & S. A. Ry. Co. v. Coker, Tex.Civ. App., 135 S.W. 179, error refused; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Tex.Civ. App. 93, 40 S.W. 608, error dismissed; 17 C.J. 1074, § 378."

In confirming the holding in the Ector case, supra, the court in the case of Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S.W.2d 862 (1948) stated:

"It therefore appears that for the rule of the Ector case to apply, there must be: (a) Evidence of a definite infirmity on plaintiff's part aside from injury due to the accident; (b) evidence of causal connection—which might be close proximity in time—between such infirmity and some pain or disability suffered after the accident; and (c) confusingly close 'intermingling' between the infirmity not due to the accident and that due to the accident, so that the jury might be misled into awarding money for the total pain and disability accruing from both, rather than for that accruing only from the accident."

See also Agnew v. Coleman County Electric Cooperative, 153 Tex. 587, 272 S.W. 2d 877 (1954) where it is stated:

"Plaintiff attacks the holding of the Court of Civil Appeals which sustained defendant's objections to the trial court's Issue No. 12, and the accompanying instruction. The Court of Civil Appeals held that the trial court should have submitted instructions which would have affirmatively limited the jury's consideration to aggravation by defendant's negligence, if any, of plaintiff's arthritis as testified to by plaintiff's witness, Dr. Barry. Since the case must be retried, we will not comment upon this testimony. However, if upon another trial the evidence in the case raises the fact issue as to part of the damages being due to a prior condition of arthritis, the matter of special issues in this connection will be governed by the law as declared in Dallas Ry. & Terminal Co. v. Ector, 131 Tex.

505, 116 S.W.2d 683, and Dallas Ry. & Terminal Co. v. Orr. 147 Tex. 383, 215 S.W.2d 862."

We are of the opinion, and so hold, that since there were the two collisions of the exact nature and so close together and like items of damages, that the trial court erred in not limiting the jury to the damages which resulted from the defendant's negligence by affirmatively charging the jury that the plaintiff was entitled to recover only to the extent that her injuries were aggravated by defendant's negligence, as provided in the last three mentioned cases.

Judgment of the trial court is reversed and remanded.

DENTON, C. J., dissents.