**James Patton DAVIS, Appellant,**

**v.**

**Jose R. MORENO et al., Appellees.**

**No. 1374.**

Court of Civil Appeals of Texas, Corpus Christi.

March 8, 1979.

Stephen P. Dietz, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellant.

M. Loyd Seljos, Judin, Ellis & Barron, McAllen, for appellees.

## OPINION

NYE, Chief Justice.

This is a personal injury suit arising out of an automobile intersection collision. The suit was instituted by Jose R. Moreno and his son, Ruben Hugo Moreno, against James Patton Davis. After a non-jury trial, the trial court entered judgment awarding damages to Jose Moreno for the reduction in the market value of his vehicle and for medical expenses and lost wages incurred on behalf of his son. The trial court also awarded damages to Ruben Moreno for physical pain and suffering. Defendant Davis perfected his appeal to this Court.

The plaintiffs alleged that on the date of the accident in question, Ruben Moreno was driving a pickup truck owned by his father which was struck by a vehicle owned and operated by the defendant. The petition contained allegations of the defendant's negligence and proximate cause. The plaintiffs also alleged, in essence, that a doctor's examination conducted two days after the accident revealed that plaintiff Ruben Moreno was found to have an enlarged spleen; that the enlarged spleen was either caused by the accident in question or was so aggravated by it to such an extent that his normal work activities had to be restricted for several weeks; and that as a proximate result of the collision in question, he sustained physical pain and mental suffering. In accordance with these allegations, plaintiffs prayed for damages.

Defendant Davis filed a general denial and also specifically alleged that the personal injuries of Ruben Moreno were the result of his previously existing enlarged spleen and "that the accident in question in no way aggravated or contributed to the plaintiff's pre-existing disease or condition."

At the close of the evidence in non-jury trial, the trial court entered judgment awarding Ruben Moreno the sum of $1,500.00 and his father the sum of $1,173.00. In support of its judgment, the trial court filed numerous findings of fact, in relevant parts, as follows: 1) that immediately prior to the collision in question defendant was negligent; 2) that such was the proximate cause of the collision in question and of the resulting personal injuries and damages; 3) that plaintiff son received *bodily injuries;* 4) that due to such injuries, he lost wages in the sum of $750.00; 5) that due to the injuries he experienced physical pain and that $1,500.00 would fairly compensate him for such physical pain; 6) that plaintiff father expended $323.00 in medical care and drugs on behalf of the minor son; and 7) that plaintiff father's pickup truck was decreased in value by $100.00 as a result of the occurrence in question.

The defendant timely filed a request for additional and amended findings of fact and conclusions of law. In his motion, the defendant requested the trial court to add the following finding: "that prior to the collision in question, Ruben Hugo Moreno (plaintiff son) had an enlarged spleen." The defendant also requested the trial court to amend five of its findings of fact. These requested additional and amended findings of fact were not acted upon by the trial judge. During oral argument, the defendant stated his theory of the case to be that *all* of the plaintiffs' injuries and damages, (other than damages to the automobile), were attributable to the plaintiff's enlarged spleen and not to the accident in question. In support of this theory, the defendant brings forward nine interrelated points of error on appeal.

His major appellate complaint (point of error one), is that the trial court erred in refusing to find that prior to the collision in question, Ruben Moreno had an enlarged spleen. Although this point of error complains only of the refusal of the trial court to make this specific finding, defendant's general supporting arguments also attack the trial court's failure to adopt his five proposed amended findings. Defendant argues that the trial court's refusal to make the particular finding as requested ". . . constitutes a finding in and of itself and is tantamount to a finding against the requested contention." Citing *Thompson v. Lee Roy Crawford Produce Co.*, 149 Tex. 357, 233 S.W.2d 295, 297 (1950); *Sauer v. Johnson*, 520 S.W.2d 438, 441 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). As we understand defendant's supporting arguments under this point, his position is that the trial court's judgment must be reversed because: 1) the trial court found, in effect, no aggravation of a pre-existing condition; and 2) there is no evidence, or in the alternative, insufficient evidence (points of error two through eight), to support the trial court's specific findings that the accident alone caused the plaintiff son's injuries or damages. Implicit in defendant's supporting arguments is the assumption that the requested findings constituted controlling, material issues in this case. The first point of error is without merit.

As a general rule, the trial judge, upon proper request, is only required to make findings on ultimate, controlling and material issues. He is not required to make findings upon matters which are adequately covered by findings already made, upon evidentiary matters, or upon every other controverted issues of fact. *T. Anchor Corp. v. Travarillo Assoc.*, 529 S.W.2d 622 (Tex.Civ. App.—Amarillo 1975, no writ); *Moore v. Campbell*, 254 S.W.2d 1018 (Tex.Civ.App.— Austin 1953, writ ref'd n. r. e.); *Wade v. Taylor*, 228 S.W.2d 922 (Tex.Civ.App.— Amarillo 1950, no writ); *Plaza Co. v. White*, 160 S.W.2d 312 (Tex.Civ.App.—San Antonio 1942, writ ref'd).

In *Dallas Railway & Terminal Co. v. Ector*, 131 Tex. 505, 116 S.W.2d 683 (1938), our

Supreme Court held, in effect, that the existence of a pre-existing condition is not a controlling issue in a personal injury suit based upon negligence. The court stated:

> "No purpose would have been served by submitting an issue to the jury on the disputed fact question of whether Mrs. Ector was suffering from a prior kidney disorder. An answer to that question would have determined nothing."

■ When raised by the evidence, the defendant in a jury tried case is entitled to request and receive an instruction in conjunction with the damage issue which affirmatively instructs the jury to exclude all damages resulting solely from the pre-existing condition and/or to allow damages connected to a pre-existing condition only to the extent that the occurrence in question resulted in an aggravation of such pre-existing condition. See *Dallas Railway Co. v. Ector*, 131 Tex. 505, 116 S.W.2d 683 (1938); *Dellinger Inc. v. McMillon*, 461 S.W.2d 471 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); 1 Texas Pattern Jury Charges, §§ 11.11, 11.12 (1969). Where the evidence in a non-jury trial raises the issue of a pre-existing condition, the trial judge presumably allows recovery only for damages to the extent that the occurrence in question caused an aggravation of such condition.

■ Even if the existence of a pre-existing condition should be considered a controlling issue in this case, the trial court did not err in failing to comply with appellant's request for additional and amended findings because the matters of which defendant now complains were adequately covered by the findings already made by the trial court. Here, the trial judge filed findings of fact which encompassed each controlling issue generally applicable to negligence cases. See *Westinghouse Electric Corp. v. Pierce*, 153 Tex. 527, 271 S.W.2d 422, 425 (1954); *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79, 82 (1940); 1 Texas Pattern Jury Charges, § 3.01 (1969). The trial court also found that Ruben received "bodily injuries" in the collision in question. This finding is gener-

ally a controlling issue only in instances where the existence of the injury is controverted in the evidence. See *Texas & Pacific Railway Co. v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528, 530 (1958). We are of the opinion that the trial court's findings, and particularly this latter finding, adequately encompass any injury Ruben sustained by reason of the collision in question, including any injury considered to be an aggravation of his pre-existing condition. It was unnecessary, therefore, for the trial judge to make additional or amended findings to this effect.

■ There are additional reasons why the trial court did not err in failing to amend its findings in accordance with defendant's requests. The evidence in this case shows that Ruben suffered bruises and contusions on his left side. He experienced pain in his left side and leg immediately after the accident. This pain, which continued after the accident, prompted Ruben to seek medical attention. The physician's x-rays of Ruben revealed an enlarged spleen. The only medical testimony in the record is to the effect that: 1) the enlarged spleen, in all medical probability, was a pre-existing condition; 2) the trauma Ruben sustained in the collision created imminent danger of a delayed rupture of his spleen; and 3) Ruben's treating physician ordered him to restrict his activities for 90 days as a necessary precaution to the increased danger of a rupture caused by the trauma Ruben sustained in the collision in question.

The defendant offered no evidence to refute the virtually uncontroverted testimony of Ruben, his parents, and the treating physician concerning Ruben's injuries and the resulting aggravation of his pre-existing condition. Since the defendant offered no evidence to rebut this prima facie showing, there is no medical testimony in the record to support defendant's contention that the pre-existing condition was not aggravated by the occurrence in question. A separate finding otherwise was unnecessary and uncalled for. See *Minor v. Gross*, 478 S.W.2d 597 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.). In addition, the defendant's request-

ed finding improperly focused upon the aggravation of Ruben's pre-existing condition as a sole basis for awarding damages to the exclusion of allowing damages for pain and medical expenses resulting (solely) from other injuries he received in the collision in question which were not attributable to his pre-existing condition or to any aggravation of that condition. See *Missouri Pacific Railroad Co. v. Harkins*, 346 S.W.2d 910 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.). Appellant's point of error one is overruled.

■ In points of error two through eight (briefed together with defendant's first point of error), the defendant attacks particular findings of fact filed by the trial court on legal and factual sufficiency grounds. He argues that the injuries of which plaintiff complains were attributable solely to his enlarged spleen. We have carefully examined the entire record in this case, and conclude there is evidence to support each of the trial court's findings and that such findings are not against the great weight and preponderance of the evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. Sup.1965); *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359, 363 (1957); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Appellant's points of error two through eight are hereby overruled.

The defendant in point of error nine attacks that portion of the trial court's judgment which awarded damages for lost wages on the basis that such recovery is not supported by the pleadings. Our disposition of the first eight points of error also disposes of this point.

The judgment of the trial court is hereby affirmed.