**SEASIDE TAXI SERVICE, Inc., v. LYLE.**

**No. 10681.**

Court of Civil Appeals of Texas. Galveston.

Dec. 8, 1938.

Rehearing Denied Jan. 5, 1939.

Stewarts and Byron Economidy, all of Galveston, for appellant.

Armstrong, Cranford, Barker & Bedford, of Galveston, for appellee.

GRAVES, Justice.

This general statement, adopted by the appellee, is taken from appellant's brief:

This suit was instituted by Josie Lyle, a widow, as next friend of her minor son, Joe Lyle, against Seaside Taxi Service, Inc., for certain alleged injuries sustained by him when his bicycle collided with one of the defendant's taxis.

Plaintiff alleged his injuries were proximately caused by the negligence of the defendant's taxicab driver in the following particulars:

1. That in proceeding to drive and operate said taxicab from said place of business across the sidewalk on the North side of Postoffice Street and into the street, said driver failed to give any signal or warning of his intention so to do.

2. That the said driver failed to keep a proper lookout for other vehicles passing along said street in front of said place of business and particularly for this minor plaintiff.

3. In driving and operating said taxicab into the street at the time he did so drive the same and at the time when said minor plaintiff was approaching and about to pass in front of the place of business of defendant corporation.

4. That said driver under the circumstances then and there existing drove and operated said taxicab into said street at an excessive rate of speed.

The defendant answered by general denial, and by plea of contributory negligence.

After the trial of the cause, the court rendered judgment in plaintiff's favor, to which the defendant excepted and gave notice of appeal.

In response to defendant's request for findings of fact and conclusions of law, the court filed its findings of fact and conclusions of law, finding that: (1) Defendant was guilty of all acts of negligence complained of in plaintiff's petition, while plaintiff was not guilty of any act of contributory negligence proximately causing or contributing to cause his injuries; (2) each act of defendant's negligence was a proximate cause of plaintiff's injuries; (3) plaintiff suffered a bruise in the region of the right hip and just above the right hip, and suffered a severe sprain and injury to his right knee; (4) plaintiff suffered damages in the sum of $1500 for past and future pain and suffering.

Within the time required by law defendant filed his exceptions and objections to the court's findings of fact and conclusions of law, which exceptions were presented to adverse counsel, examined by the court, and by it overruled, and bill of exception was granted. Defendant also filed a number of requests for additional findings, each of which were filed within the time allowed by law, presented to adverse counsel, examined by the court, and by it refused, and bill of exception to each refusal of the court was granted.

Additional findings of fact were filed by the court. The additional findings, in substance, were these:

"The minor plaintiff, Joe Lyle, did not: (1) At and prior to the time of the collision fail to keep a proper and diligent lookout ahead; (2) at and prior to the time of the collision fail to keep his bicycle under proper control; (3) at and prior to the time of the collision drive his bicycle at an excessive rate of speed under the circumstances; (4) see the Taxicab of the defendant within sufficient time to have avoided the collision, and could not in ample time have avoided striking the taxicab by using the means at his command with safety to himself and to his bicycle, and could not have avoided the collision in question; (5) the collision in question was not an unavoidable accident, and was not the result of an unavoidable accident; (6) each of the alleged acts of negligence and contributory-negligence, hereinabove specified in these findings, was not the sole cause of the collision and the resulting injuries; (7) each of the findings contained in the original findings of fact were found by the court from a preponderance of the evidence. The court here readopts, as though specifically set out herein, each of the findings of fact contained in the original findings, and so finds the same from a preponderance of the evidence; (8) in response to the request of defendant for a particularization as to the elements of damage considered by the Court, it is declared that the Court considered as such elements of damage the pain and suffering of the minor plaintiff, past and future, proximately resulting from the injuries sustained by him."

The appeal is predicated upon contentions to the effect:

(1) That each and all of the quoted findings of negligence against the appellant were wholly without support in the evidence, or, if not so, were at least so clearly against its great weight and preponderance as to be manifestly wrong;

(2) There being testimony that the plaintiff received a prior injury to his knee, which prior injury in itself could have produced the pain and discomfort for which plaintiff was awarded damages, it was error for the court to refuse defendant's timely request for a finding as to whether or not plaintiff received a prior injury to his knee, and as to whether or not such prior injury was the proximate cause, in whole or in part, of the pain and discomfort for which plaintiff was awarded damages;

(3) The award of $1500 in damages was clearly excessive, under the evidence heard.

None of these contentions, it is determined, should be sustained. As concerns the first group of them, so attacking the sufficiency of the evidence to sustain the

findings, while there was a sharp conflict in the testimony between the opposing sides, a careful examination of the statement of facts discloses that it was no more than such a controversy as conferred upon the trial court the exclusive right to settle it; wherefore, this court may not interfere. 4 Texas Digest, Appeal and Error, ☞1002, and cited cases.

■ For substantiation of its second presentment, appellant relies in the main upon Dallas Railway & Terminal Co. v. Ector, Tex.Com.App., 116 S.W.2d 683; but in so far as applicable, it is this court's conclusion that the principle of that holding—when applied to such facts as here obtained—supports rather than impairs the judgment of the learned trial court in this instance; that was a determination applicable to causes submitted on special issues to a jury, where the only authority for including instructions is found in R.S. Article 2189, requiring the court to submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon such issues; as bearing upon the question appellant raises here, that procedural statute being of course inapplicable to a trial before the court, it simply held that "no purpose would have been served by submitting an issue to the jury on the disputed fact question of whether Mrs. Ector was suffering from prior kidney disorders. An answer to that question would have determined nothing" [page 686]; because, if she was, the Railway Company in that instance was not liable therefor, hence the trial court should have excluded that element from their consideration in giving the jury the requisite explanations under the statute referred to; whereas here, the trial was before the court itself on both the facts and the law, and specific original, as well as supplementary, findings—on sufficient evidence—had been made by the court to the effect that the $1500 damages had been the result of the collision proximately caused by the negligence of the appellant, thereby, in necessary effect, confining the damage to such negligence alone, and negating that it did or could have in any degree resulted from such claimed prior injury; indeed, under the Ector Case, whether this boy was or was not also suffering from a prior injury, was not a defensive issue in this declared-upon cause of action for specifically alleged and found negligence against this appellant, which was in any sense "determinative of the question of liability";

wherefore, no finding of fact upon it, as requested, was indispensable.

■ The claim for excess in the award, considering the extent of the injuries and the suffering testified to, and so found upon sufficient support, is untenable; without detailing the evidence, or attempting a resume thereof, the amount does not—in the attending circumstances—shock the conscience of this appellate tribunal; it should not therefore be disturbed. 4 Texas Digest, Appeal and Error, ☞1004, and cited cases.

An affirmance of the judgment will enter. Affirmed.

Judge MONTEITH participating as Special Commissioner.