### PAHL v. BRAUNSCHWEIG.

No. 10726.

Court of Civil Appeals of Texas. San Antonio.

Oct. 2, 1940.

Rehearing Denied Oct. 30, 1940.

Church & Steger, of San Antonio, for appellant.

W. B. Halbig and J. M. Woods, both of San Antonio, for appellee.

NORVELL, Justice.

This is a suit upon a promissory note brought by appellee, Charles Braunschweig, as plaintiff below, against Hermine Harbarth and Alfred J. Pahl. From an adverse judgment, Pahl alone has appealed. His defense here, and in the court below, was that the note in question was delivered to appellee upon a condition that he should not be liable thereon unless and until Walter Harbarth, a son of his co-defendant also signed the note. Williams v. Jones, 122 Tex. 61, 52 S.W.2d 256. The trial court expressly found that no such condition was attached to the delivery of the note and a question of the sufficiency of the evidence to support the trial court's finding is presented here.

It appears that shortly before the note in question was executed Mrs. Hermine Harbarth, an elderly woman, was in financial difficulties and, among other obligations, owed $3,000 upon a farm in Guadalupe County. The appellant, Pahl, was also liable on this obligation. Mrs. Harbarth applied to appellee for a loan of $1,000, which he agreed to make, provided she would obtain the signatures of one or two property owners to the obligation. At a meeting at which Mrs. Harbarth, appellant, appellee and a notary public were present, the appellee produced a promissory note which he had prepared for the signature of three persons. This note was signed by Mrs. Harbarth and the appellant and is the note sued on in this case. With reference to what took place at this meeting, the appellant testified as follows:

"A. He (appellee) asked me, 'Are you willing to sign this note for Mrs. Harbarth,' as a co-maker, or favor, or whatever you might call it.

"Q. What did you say? A. I told him, yes, under the condition that her son Walter signed it.

"Q. Did you use those words, 'under the condition that her son Walter would sign it'? Did you use those exact words? A. Yes, sir.

"Q. You told him you would sign it under the condition that her son Walter would sign it? A. Yes, sir.

"Q. You used those very words? A. Yes, sir.

"Q. What did Mr. Braunschweig say to that? A. He called Mrs. Harbarth's

attention across the room—she was sitting across the way—and said, 'You understand, Mrs. Harbarth, that Walter is supposed to sign this note too?' and she said, 'Yes; he will be in town tomorrow and I will have him come by and sign it.'

"Q. Did you then sign the note? A. Yes, sir."

The appellee's testimony in regard· to what occurred at this meeting was as follows:

"Q. Did Mr. Pahl say, at the time of the execution of the note or prior to its execution, anything about any other security on the note? A.' No,' sir. He never opened his mouth that evening or any time prior.

"Q. Did he state to you or make known to you that he had signed the note under any condition whatever? A. No, sir. * * *

"Q. I will ask you whether or not Mr. Pahl, at any time prior to the execution of that note or at the time of its execution, made known to you that he was executing the note upon the condition that another person signed the note? A. No, sir."

The appellee also testified that immediately after the note was executed he delivered a check to Mrs. Harbarth for the proceeds thereof. This testimony is disputed by the appellant. It is clear, however, that the appellee actually paid the consideration for the note.

After the note had been executed the appellee delivered the note to Mrs. Harbarth so that the signature .of her son, Walter Harbarth could be secured. The son, however, refused to sign the note and it was redelivered to the appellee.

The evidence in some respects indicates that the delivery of the note may have been conditional, such as the fact that it was prepared for the signatures of three persons, and after execution it was given to Mrs. Harbarth for the purpose of securing her son's signature. On the other hand, the trial court expressly found upon conflicting .evidence that the proceeds of the note were delivered immediately after Mrs. Harbarth and Pahl had executed the same. The fact that Pahl was also obligated with Mrs. Harbarth upon another obligation also tends to discredit the theory of a conditional delivery. The only witnesses who

testified as to what took place at the time of the execution of the note were the appellant and appellee. Their testimony, as above set out, was directly conflicting. It is our opinion that in this state of the record we are unauthorized to disturb the findings of the trial court. Seaside Taxi Service v. Lyle, Tex.Civ. App., 123 S.W.2d 372; Imperial Life Ins. Co. v. Mooney, Tex.Civ.App., 122 S.W. 2d 204.

The judgment of the trial court will therefore be affirmed.