**BROWN et ux. v. KELLEY et al.**

No. 14952.

Court of Civil Appeals of Texas.
Fort Worth.
June 25, 1948.

Seaberry & Hagman and Ben J. Hagman, all of Weatherford, for appellants.

Grindstaff, Zellers & Hutcheson and A. E. Zellers, all of Weatherford, for appellees.

McDONALD, Chief Justice.

Mrs. Belle V. Kelley, a widow, and her son, Kindle Kelley, plaintiffs in the cause, own and occupy as their homestead a tract of land in the unincorporated village of Aledo, in Parker County. To the south of them, across the street, is a tract of land owned by Mrs. Nelle Rosse Brown, and occupied as their homestead by Mrs. Brown and her husband, B. B. Brown, who are the defendants herein. Adjacent to the Brown tract, to the west, is a triangular tract composed of five lots, which was owned for many years by the Texas & Pacific Railway Company, and which in 1946 was purchased from said company by Mrs. Brown. Across the five lots, and near the west line of the Brown tract, there runs a roadway in a northerly and southerly direction. Shortly before this suit was brought Mr. and Mrs. Brown erected barricades at each end of the roadway running across said five lots. Plaintiffs, claiming that said roadway was a public street or road, brought this suit to enjoin the Browns from fencing or in any other way obstructing said roadway, and prayed that a mandatory injunction issue requiring the Browns to remove the barricades or obstructions which they had placed across said roadway.

In a non-jury trial the court below found in his judgment that a public road or street existed across said five lots, describing the location thereof by metes and bounds, and decreed that defendants should remove all posts, barricades or other obstructions to said road or street within ten days from the date of judgment, and permanently

enjoined defendants from again obstructing the use of said street or any part thereof in any way or manner so as to prevent the same from being used by the public generally as a public street or roadway. Defendants have appealed, relying on four points of error.

Under their first point defendants charge that the trial court erred in permitting plaintiffs to amend their petition, after judgment, by changing the description of the claimed roadway.

The transcript shows the plaintiffs' original petition as containing the same description of the roadway that is set out in the judgment. We also find in the transcript, however, a bill of exceptions, which recites in substance that when the cause was called for trial the defendants excepted to the sufficiency of the description of the road or street, but that before the exception was presented the parties agreed that plaintiffs could add to their petition a paragraph numbered III–A. Paragraph III–A is set out in the bill of exceptions, but is not the same description of the road as that found in the judgment. The bill of exceptions then recites that "thereafter the said evidence was submitted to the court and no objections were made by either party that the pleadings did not support or correspond with the evidence." That after the hearing of said cause the court took the matter under advisement and thereafter made known to the parties in open court the findings as to the location and width of the segment of the street or highway which the defendants had blocked or obstructed. The attorney for defendants objected to such findings or proposed findings on the ground that there was no pleading to support same. Upon such objections being made the attorneys for plaintiffs in open court asked for and were granted permission to eliminate said paragraph III–A from said petition and to substitute therefor another paragraph setting out a more detailed description of the roadway. This substituted description of the road is set out in the bill of exception. It is then recited in the bill that plaintiffs duly excepted to the action of the court in permitting the amendment.

■ In view of the entire record, it is our opinion that the point does not present a reversible error. Rule 67, Texas Rules of Civil Procedure, provides that amendment of the pleadings to conform to the evidence may be made by leave of the court up to the time of submission of the case to the court or jury, and it would appear here that the amendment was allowed after the case was submitted to the court and after he had announced what his judgment would be. However, the description of the roadway as set out in the judgment does not vary greatly from that set out in the petition upon which the plaintiffs went to trial. The case was tried, as stated in the bill of exceptions, without objection from any party that the pleadings did not support or correspond with the evidence. We may properly apply, therefore, the provisions of Rule 67 to the effect that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Furthermore, in view of the comparatively slight variation between the original pleadings and the judgment, the error should be treated as a harmless one. Rule 434. When the record as a whole is considered, it is seen that the battle fought in the trial court was not over the precise location of the roadway, but whether or not it was a public road or street.

■ Some of the proof indicated that the graveled portion of the road was twelve feet wide. The trial court defined the road in his judgment as one eighteen feet wide. Defendants claim that there was no evidence or testimony showing use or claim of any more than the graveled portion of the road. The second point, raising this question, is overruled. Several witnesses testified that the road was twenty feet wide, or wider. All said that there was a borrow ditch on each side of the graveled portion. The evidence supports the judgment in this respect.

The third and fourth points raise the principal question in the case: Whether or not a public road existed across defendants' lots.

■ We are required to view the evidence in the light most favorable to the judgment rendered. So doing, we find testimony from several witnesses to the effect that the public had been traveling over the strip of land in question for thirty years or more. As far back as the year 1923 it was graded. In 1925 or 1926 the county commissioner graded and graveled the road. In 1941 or 1942 the road was graveled by the public authorities. The route of the road had varied in some places as much as a few feet, but it was in the same general location at the time of trial that it had been in during the many years past.

The principal question is whether the evidence supports the finding of the trial court that the strip in question was a public road or street.

■■ In 21 Tex.Jur., beginning at page 540, is a discussion pertaining to non-statutory highways. The distinction between statutory and non-statutory highways is noted in said volume at page 539. Prior to any statutory procedure for the establishment of highways, dedication and prescription were the modes of acquisition known to the common law. These modes have not been abolished by the statutes which provide for the establishment of roads by public officials, as by condemnation, for instance. Id. 539. Official adoption, or even official recognition, is not necessary to the establishment of a non-statutory highway. Id. 540. Dedication may be by overt act of the owner, signifying his intention, the dedication being accepted by public use. Id. 540. But even without any overt act on the part of the owner, there may be such use by the public under such circumstances as will support an inference that the owner dedicated his land to such use. Id. 540. In England, acquisition of a highway easement by public use is based on implied dedication by the owner; in Scotland on prescription; in Texas and other states in this country either theory is applied as the facts may warrant. Id. 541. The idea of prescription is based on the notion that the use by the public was adverse to the rights of the owner, that is to say, that such use was not with his permission. However, the theory of implied dedication carries with it the idea that the owner consented to the use of his land as a highway to the extent that the court will hold that he dedicated it to public use, whether by express words, overt acts, or even by such inaction on the part of the owner as would justify a conclusion that he intended to dedicate his land to public use. In many cases, as a practical matter, the same result will be reached whether the inquiry be as to prescriptive right or as to implied dedication.

■ The jury may be entitled to infer the fact of an intent to dedicate from long-continued use by the public and the apparent acquiescence of the owner. Id. 544, 545. Whether a public right of way has been acquired by dedication or by prescription is generally a question of fact. Id. 561. Recognition of the road by the public authorities does not necessarily establish either dedication or prescription, nor does a lack of official recognition necessarily destroy the claim of dedication or prescription. Id. 562 et seq. It is not the act of official recognition, but the attitude of the owner thereafter that is of importance in determining the question. Id. 563. But official recognition, or the lack of it, is a circumstance which may be considered. Id. 564. Improvement of the road by the expenditure of public funds is a circumstance that may be considered, whether the question be one of prescription or of implied dedication. Id. 565. Where, for a long time, the owner permits the public to use the strip, standing by without objection, it will generally be held that he has sufficiently manifested his intention to dedicate the land to public use. 14 Tex.Jur., p. 703. The duration of the use becomes important, especially where there are no overt acts on the part of the owner. Generally a use for at least ten years appears in cases where dedication by public user has been established. Id. 706. The origin of the user by the public, and the ownership of the land at the time of such origin, may be shrouded in obscurity, so that no proof can be adduced to show the intention of the owner at the time the use began. In such case there may arise a presumption as to the intent to dedicate. Id. 707. The fact

838

that the owner without objection permits the public authorities to grade or otherwise improve the road may be cogent evidence of an intention to dedicate. Id. 708. For a discussion of the distinction between acquisition of the easement by prescription and acquisition by dedication, see page 708, et seq.

The pronouncements of the texts, above mentioned, appear to be fully supported by the cases cited in the texts.

■ The evidence in the case before us supports the judgment of the trial court. The judgment is affirmed.