**G. G. MALLETT, Sr., Appellant,**

v.

**HOUSTON CONTRACTING COMPANY,**
**Appellee.**

No. 6740.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1965.

Rehearing Denied March 10, 1965.

Fred A. White, Port Arthur, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

PARKER, Justice.

G. G. Mallett, Sr., sued Houston Contracting Company for damages sustained by him due to the blocking of a public road to Mallett's farm, resulting in loss of a hay crop, loss of sale of building material, the value of one cow, and the expense of mulching the rotten hay on his land. Trial was to a jury. At the close of evidence, the court instructed the jury to return a verdict for Houston Contracting Company. Judgment was entered thereon. The motion for instructed verdict is not found in the transcript. Mallett will be designated as plaintiff. Houston Contracting Company will be designated as defendant.

In plaintiff's original petition he identifies the location of the road after which he alleges: "Said route constitutes a public road and has been used by the public generally and indiscriminately since about the year 1903." This allegation contains a legal conclusion. The entire petition gives fair notice to defendant of the cause of action relied upon by plaintiff. Defendant did not avail itself of the pro-

visions of Rule 91 and specially except to this allegation in any manner, thereby waiving whatever the pleading may lack in the way of particularity as to how the road became a public road. Defendant did avail itself of Rule 91 as to another matter. Its answer consistrd of a general denial a special plea that the road was a private road, a special denial that the loss of plaintiff's hay crop was due to the blocking of a road; that the plaintiff failed to exercise ordinary care in minimizing the damage to his hay crop by refusing the offer of defendant to assist in the moving of the hay baling equipment to plaintiff's field. Plaintiff's pleading was sufficient to raise the question of whether or not a public road was involved.

Let us see what the evidence is to support this pleading. J. C. Courts was 62 years at the time of trial. He had been familiar with this road since he was a small boy, traveling the road once a week in his younger days. The road was open to the public. No one ever stopped him from using the road. At the end of the road was plaintiff's farm and what was known as the Old Eliza Hillebrandt home. He traveled this road from 1914 until 1948.

Elam Rice testified that he farmed plaintiff's land for 5 years, beginning in 1947; that he used this road as other people also did. Before he farmed this tract of land, he was familiar with people living in the area that had to use the road.

N. A. Peveto testified that he had been acquainted with the road since 1931; that he traveled the road 2 or 3 times a week; that within his knowledge the road had been traveled by the public before he moved out there; that he went over the road 2 or 3 times a week for 15 or 20 years; that the county kept the bridges in repair across the canal, there being 3 of them and that the county maintained the road while he was there.

E. M. Randall testified that he was employed by Jefferson County, worked under County Commissioners Helmke and Walker in Road Construction, Maintenance and Repair; that he maintained the road in question for the county beginning in 1948 until he retired in August of 1963. He further testified that said road was a thoroughfare open to everyone to travel.

Plaintiff testified that he had been familiar with the road for 33 or 34 years; that the road had been used over 30 years by people who owned property near his property, having egress and ingress over the road without any "molestation".

J. T. Fisher with the Jefferson County Engineering Department prepared a map under the direction of the County Engineer, which was adopted by the Commissioners' Court of Jefferson County, Texas, showing the road in question. He testified that it was maintained by the City and by the County for some 16 years to his knowledge and was traveled generally by the public. One of the bridges on the road he knew was built by Drainage District No. 6. Prior to the preparation of the map he was instructed to show all roads over which traffic was traveling. A survey team for the County informed him there was traffic on this road and for that reason it showed as a road on the map.

There is considerable evidence supporting plaintiff's contention that this was a public road. Aerial map of 1953 shows this road. In 1892 Gladys City Oil, Gas & Mfg. Company, a corporation acquired title to some 1400 acres, including that part of the road blocked by defendant. Damages in the sum of $7,000.00 were paid by defendant to Mr. E. W. McCowan, who was a lessee of Gladys City, including damage to the roadway. Although there is no direct evidence of any specific declaration on the part of the ancient owners indicating an intention on their part to dedicate to public use such roadway, there is substantial evidence that since 1903, some 60 years before the institution of this suit, that the use of such roadway by the public

generally has been open, continuous and adverse to the owners thereof. From the conduct of the owner as the road was used by the public generally, the jury could find as a fact that the owner consented to the use of its land as a highway to the extent that it dedicated such roadway to public use. O'Connor v. Gragg (S.Ct.1960) 339 S.W.2d 878, dealing with like facts held:

"In the case of Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957, 958, this court quoted with approval language in the case of Abbott v. Mills, 3 Vt. 521, 527, 23 Am.Dec. 222, which we think is equally applicable here. In that case the court said: ' * * * the act of throwing open the property to the public use, without any other formality, is sufficient to establish the fact of a dedication to the public; and if individuals, in consequence of this act, become interested to have it continue so, * * * the owner cannot resume it.'

"Common law dedications, such as the one here involved, are subdivided into two classes, express and implied. This dedication falls in the latter class. The unequivocal acts and conduct of the petitioner, O'Connor, and his predecessors in title, show an implied intention to appropriate the roadway to public use. ' * * * If the open and known acts are of such a character as to induce the belief that the owner intended to dedicate the way to public use, and the public and individuals act upon such conduct, proceed as if there had been in fact a dedication, and acquire rights which would be lost if the owner were allowed to reclaim the land, then the law will not permit him to assert that there was no intent to dedicate * * *.' Elliott,

Roads and Streets (2d Ed.), Sec. 124, p. 121."

In Dunn v. Deussen, (Tex.Civ.App.1954) 268 S.W.2d 266, 269, the court said:

" * * * In the Owens case the Supreme Court quoted with approval from Brown v. Kelley, Tex.Civ.App., 212 S. W.2d 834, by this court: ' "However, the theory of implied dedication carries with it the idea that the owner consented to the use of his land as highway to the extent that the court will hold that he dedicated it to public use, whether by express words, overt acts, or even by such inaction on the part of the owner as would justify a conclusion that he intended to dedicate his land to public use." '

"A dedication may be shown by circumstances. Owens v. Hockett, supra."

■ It is undisputed that the defendant blocked this road so that it was impassable for some time. There is evidence that plaintiff was damaged as set forth in his petition. It cannot be said that as a matter of law such road was a public road and plaintiff's point of error claiming error upon this ground is overruled.

There is no evidence that the owners of the land over which the road passed ever objected to its use by anyone. There is evidence that the road has been in the same location for many years. Issues of fact were raised as to whether such road was a public road. Issues of fact were raised as to the damages sustained by plaintiff by reason of the blocking of said road. Plaintiff's points of error complaining of the ruling of the court to the contrary are sustained.

Judgment of the trial court is reversed and the cause remanded for trial.