**Walter SCHUMAN, Appellant,**

**v.**

**COUNTY OF HAMILTON, Appellee.**

**No. 4776.**

Court of Civil Appeals of Texas.

Waco.

Dec. 26, 1968.

Rehearing Denied Jan. 16, 1969.

C. O. McMillan, Stephenville, for appellant.

H. A. Leaverton, Hamilton, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Schuman from a judgment establishing a public road, (describing same by metes and bounds), and requiring defendant to re-

move posts and obstructions placed in such road.

Plaintiff Hamilton County brought this case, alleging a public road some 1/3 of a mile long (and described), further alleging defendant had placed posts in the right-of-way obstructing such road, and seeking mandatory injunction requiring defendant to remove such posts. Defendant answered by general denial and plea of not guilty. Trial was before the court without a jury, which rendered judgment establishing a public road over an area described in the judgment, and awarded mandatory injunction requiring defendant to remove posts placed in such road.

Defendant appeals on 5 points, contending:

1) The description in the judgment is insufficient to identify a specific area over which the public road is established.

2) There is no evidence, or insufficient evidence, to authorize the court to establish a roadway over the area described in the judgment.

3) There is no evidence to authorize a finding defendant placed obstructions in a public road.

4) There is no evidence to authorize the trial court to establish a public road having a width of more than 30 feet.

■ Defendant's 1st contention complains that the description in the judgment is insufficient to identify a specific area over which the public road is established.

The judgment describes the road as follows:

"BEGINNING at a point on the East right-of-way line of the Shive-McGirk road approximately 2.1 miles South of the intersection of the Shive-McGirk road with the Farm-to-Market road 221, said point being forty-four feet North of the North fence of the Willie Spitzenberger place;

"THENCE South along the East right-of-way line of said Shive-McGirk road to a point five feet North of the Willie Spitzenberger North fence;

"THENCE Eastward on a line five feet North of the Willie Spitzenberger North fence and parallel to said Willie Spitzenberger North fence one-third of a mile to a point;

"THENCE Northward parallel to the East right-of-way line of said Shive-McGirk road thirty-nine feet to a point;

"THENCE Westward to the original beginning point on the East right-of-way line of said Shive-McGirk road and forty-four feet North of the Willie Spitzenberger North fence line."

The record reflects the Shive-McGirk road is an old established and travelled road, and that the fence on the north side of the Spitzenberger land has been in the same place for over 30 years. Farm-to-Market road 221 is a well established road. We think the road is described with reasonable certainty, and that such road may be accurately located from such description.

■ Defendant's 2d contention asserts there is no evidence or insufficient evidence to establish the roadway over the area described in the judgment.

The record reflects that the roadway was in use as early as 1910; that the County had worked the road from 1929 to the present; that the road was fenced on both sides until 1948; that the fence on the Spitzenberger side of the road is substantially as it was since 1937 or earlier; that the fence on the Schuman side was torn down in 1948, but that it was located approximately 46 feet from the Spitzenberger line; that the public traveled the road, that it was used as school bus route, mail route, and for traffic to Shive and to a church. Defendant established no title in himself to the area decreed to be the public road.

Plaintiff established a road by dedication or by prescription, and the trial court was authorized to so find. See: Brown v. Kelley, Tex.Civ.App. (n. w. h.) 212 S.W.2d

834; Chambers County v. Frost, Tex.Civ. App. (n. r. e.) 356 S.W.2d 470; Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957; O'Conner v. Gragg, 161 Tex. 273, 339 S. W.2d 878; Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609.

Defendant's 3rd contention is there is no evidence that defendant placed an obstruction in a public road. It is undisputed that defendant placed or had the posts emplaced; and that same were emplaced in the area which the trial court found to be the public road.

■ Defendant's 4th contention is that there is no evidence to authorize the trial court to establish a public road having a width of more than 30 feet. The evidence may conflict, but there is ample evidence from which the trial court could find that the public road as established had a width of 39 feet (or even 42 feet).

Defendant's points and contentions are overruled. The judgment is correct.

Affirmed.