Mrs. F. Snyder KING et al., Appellants,

v.

C. Lee WALTON and wife, Lois M.
Walton, Appellees.

No. 16070.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 20, 1978.

Rehearing Denied Jan. 24, 1979.

Joe Mike Egan, Jr., Kerrville, for appellants.

Charlie Strauss, Law Office of James E.
Nugent, Kerrville, for appellees.

OPINION

MURRAY, Justice.

This suit was filed by C. Lee Walton and wife, Lois M. Walton, appellees, against Mrs. F. Snyder King, F. Snyder King, Jr., and Albert Kenneth King, appellants, to enjoin interference with right of ingress and egress on a road across appellants' land. Appellees alleged that they had a right to use the road because they had an easement by estoppel, a private easement by prescription, and a public easement by prescription. They also alleged that the road had been impliedly dedicated to the public. The jury returned a verdict favorable to appellees on all counts, and appellants have duly perfected this appeal from the judgment entered on said verdict.

It is appellants' contention that there is no evidence to sustain any of the four counts and further that the trial court committed other errors, which would require a new trial. It is undisputed that the entire

road on appellants' land was continuously maintained by the County from prior to 1946 up until a portion was paved in 1967. The remaining part has been maintained by the County until the time of trial. Witnesses testified that as early as the 1940's the road was used by the public.

We believe that the evidence amply supports a dedication of the roadway as a public road and an acceptance of this dedication by the public. We do not agree with appellants' contention that there is no evidence to sustain the finding of implied dedication. In 19 Tex.Jur.2d *Dedication* §§ 11–31 (1960), the elements of dedication are stated as: (1) an intention of the landowner to devote his land to a public use; (2) a manifestation of the landowner's intention through his words or acts, and a communication to the public or some portion thereof; and (3) an acceptance of the use of the property by the public. In disposing of a similar point, the Supreme Court, in *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960), examined the requirements of an implied dedication to the public. The evidence in *O'Connor v. Gragg* showed that the roadway had been in existence for over sixty-eight years and that the community, without asking, had used it as a public road. The Court held that this evidence supported a finding of implied dedication as a public road. The Supreme Court again cited with approval the rule that the act of throwing open property to public use, without any other formality, is sufficient to establish the fact of a dedication to the public. Other authorities, which supported a finding of implied dedication upon similar evidence, are: *Owens v. Hockett*, 151 Tex. 503, 251 S.W.2d 957 (1952); *Compton v. Thacker*, 474 S.W.2d 570 (Tex. Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Conway v. Irick*, 436 S.W.2d 219 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n. r. e.); *Mallett v. Houston Contracting Company*, 388 S.W.2d 216 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.); *Dunn v. Deussen*, 268 S.W.2d 266 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.); *Brown v. Kelley*, 212 S.W.2d 834 (Tex.Civ.App.—Fort Worth 1948, no writ).

Indian Creek Road commences at the community of Ingram in Kerr County and runs in a southerly direction for five or six miles. Appellants contend that this road terminates at the entrance to their property, and appellees allege the road extends through appellants' property to their property. This controversy concerns the portion of the road through appellants' property. Albert Bittle, father of Mrs. F. Snyder King, originally settled the Bittle Ranch in 1898 and raised his family of seven children on the ranch. Albert Bittle built the ranch headquarters near the center of this 200-acre ranch. The road in question enters the Bittle Ranch on the north and continues in a southerly direction past the Bittle Ranch headquarters to appellees' ranch. Mr. Albert Bittle died in 1939, and the ranch is now owned by Mrs. F. Snyder King. In the early 1960's, Mrs. King moved back on the ranch with her family, and they have lived there ever since. Mr. King died in 1972.

Morris Morgan bought the present Walton Ranch from Dr. Greenwood in 1960 and sold it to appellees in 1967. He testified that he had used this road since 1940 and that the road was maintained with County equipment and County employees all the way from Ingram to the entrance of the Walton Ranch. In 1967, Mr. Morgan, at no expense to appellants, paved this road from the ranch house on the Bittle Ranch to his gate. After this road was paved, it was unnecessary for the County to maintain that portion of the road. The remaining part of the road has been maintained and repaired by the County with the approval and acquiescence of appellants to the present time. No objection was ever made to Morgan's use of the road, and no permission was ever sought by him or anyone else to use the road. Mr. Morgan also testified that he agreed to alter the course of the road in one place because it was too close to the King Ranch house. Mr. Morgan further testified that in his opinion the road was at all times a public road and that he had a right to use it.

No testimony was given on when the road was first opened. County Commis-

sioners, former County Commissioners, and employees testified that the road had been repaired and maintained by the County since 1938. The County Commissioners testified that they considered the entire road to be a county road open to the public.

■ Appellants also allege that the trial court erred in failing to define the term "dedication" in the charge of the court. We overrule this point. In *Yellow Cab and Baggage Co. v. Green,* 154 Tex. 330, 333, 277 S.W.2d 92, 93 (1955), our Supreme Court held: "When the Court's charge contains no instruction, the complaining party must accompany his clear and specific objections to such omission with a substantially correct definition or explanatory instruction." *Accord,* Tex.R.Civ.P., 279. Appellants' proposed issues and instructions appear in the transcript on nineteen legal size pages. His requested definition of "dedication" comprises three of these pages. These three pages contain twenty-five statements of law pertaining to dedication and cite thirty cases as authority for these statements. We have carefully examined appellants' requested definition, and we hold that the request as framed failed to measure up to the standards imposed by Rule 279 of the Texas Rules of Civil Procedure, which requires that the requested definition be in substantially correct wording.

We have concluded that the judgment of the trial court is supported by the finding of implied dedication; therefore, it becomes unnecessary for us to decide appellants' points concerning estoppel, private easement by prescription, and public easement by prescription. All other points of error advanced by appellants are overruled, and the judgment of the trial court is affirmed.